[No. 20125.  In Bank.—February 26, 1886.]

Ex parte SISTO LI PROTTI, on Habeas Corpus.

License for Laundries—Charter of Oakland.—Under the provision of the charter of the city of Oakland, declaring that licenses shall be discriminating and proportionate to the amount of business, the city council may provide that the licenses to be paid by laundrymen shall be in proportion to the number of persons employed by them.

Application for a writ of *habeas corpus.*  The facts are stated in the opinion of the court.

*James A. Johnson,* for Petitioner.

*C. T. Johns,* for Respondent.

Ross, J.—The sole point presented by the petitioner is, that he is illegally restrained of his liberty. because he is held for a violation of a certain ordinance of the city of Oakland, which, it is claimed, violates that provision of the charter of the city which declares that "licenses shall be discriminating and proportionate to the amount of business." (Stats. 1862, p. 353.)

The portion of the ordinance which it is claimed violates this provision of the charter is section 14 of an ordinance entitled "An ordinance establishing and regulating municipal licenses," and which reads as follows: "For owners or keepers of laundries who employ or use two or less than four persons in transacting the business of said laundry, seven dollars per quarter. For those who employ not less than four and less than eight persons, twelve dollars per quarter. For those who employ not less than eight and less than twenty persons, twenty dollars per quarter. For those who employ twenty or more persons, forty dollars per quarter."

As has been seen, licenses by the charter are required to be made proportionate to the amount of business done. Whether the number of persons employed in the various laundries of the city is the basis by which can best be gauged the amount of business done therein, or not, it is *one* way of doing so, and for aught we know, the safest way. The city council cannot count the various articles of wearing apparel laundried by the various laundries. But it is fair to presume that no more persons are employed in such establishments than is necessary to the performance of the work, and as a consequence, that the amount of business done by such establishments is in proportion to the number of persons employed therein.

The nature of the business in question is quite different from that of a merchant who with one employee or

none at all may do more business than other merchants with a hundred employees.    We think there is no analogy between the two cases, and that it was permissible for the council to take a practical view of the question and legislate accordingly.

Writ dismissed and prisoner remanded.

MYRICK, J., SHARPSTEIN, J., and MORRISON, C. J., concurred.

THORNTON, J., dissenting.—I dissent.    I do not think the ordinance accords with the charter.    How does the employment of a certain number of men indicate the amount of business done by a laundryman?    It might be that a man who employs eight men does less business than one who employs four men.    The custom of the latter may be greater than that of the former.    If a merchant employs eight clerks, it does not follow that he does a greater amount of business than one who employs four.    Again, it is not said in the ordinance when and for how long the persons referred to must be employed.    Must they be employed at the date the license is issued, or during the period granted? How if four of the eight are dismissed the day after the license is granted, or four employed during the previous quarter and eight when the license is granted?    How, then, can such a test furnish a means of estimating the amount of business?    In my view, it may furnish modes of conjecture or guess, but nothing more.    There is a means of determining the amount of business.    That is by the receipts in money for the previous quarter.    Surely there must be some mode of determining this.    If the ordinance supplies no mode, it should be amended in that regard.    Surely a municipal corporation like the city of Oakland, whose powers are derived from its charter, and which do not go beyond the grant in the charter, fairly and reasonably construed, cannot adopt such a conjectural mode as the one above stated, for determining the amount of business done by a laundryman, in proportion

to which amount the license to be paid is to be fixed. A construction which allows a mode so uncertain in its *data*, so incompetent to determine the amount of business done, the city should have no power to adopt. The powers of such a corporation are limited by its charter, the meaning of which must be arrived at by a reasonable construction, and when there is any ambiguity, the ambiguous language must be resolved against the city.

In my judgment, the prisoner is illegally held, and should be discharged.