CASE 99—INJUNCTION AGAINST LIVERY LICENSE—FEB. 25.

# Wilson & Bro. v. City of Lexington, Etc.

105  765
f131  549

APPEAL FROM FAYETTE CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—CITIES OF THE SECOND CLASS—LIVERY
   LICENSES.—An ordinance enacted by a city of the second class
   requiring a license to be taken out by the keepers of livery
   stables, regulating the amount in proportion to the number of
   vehicles kept for hire and requiring that a tag or mark should
   be attached to each vehicle is a valid exercise of the police
   power of such municipalities.
2. LICENSE TO FIRM.—Whether the stable is owned by one individual
   or a firm, only one license is required.

FORMAN & BARTLETT FOR THE APPELLANTS.

1. City of Covington v. Woods, does not control the decision of
   this case.
2. When the general council of city of Lexington fixed the trade or
   occupation license for livery stable keepers at $10.00, it ex-
   hausted its power to increase such trade license by adding
   thereto a special tax on the vehicles used by them in their
   business. Ky. Stats., sec. 3058; Livingston, &c., v. Paducah, 80
   Ky., 656.
3. A trade license is demandable as a police regulation.  In its
   exaction only such a sum as would probably cover the expense
   of enforcing the law of the State ·or municipality as to the
   particular calling can be collected, and when the fee is more
   and is exacted with reference· to revenue, the same is in re-
   straint of trade and not enforceable. Burroughs on Taxation,
   secs. 77, 358; City of Cincinnati v. Bryson, 45 Am. Dec., 593;
   People v. Naglee, 52 Am. Dec., 331; Cooley Const. Lim., 201;
   Cooley on Taxation, 408; Williams v. Garigues, 30 La. An., ——.
   cited in 13 Am. & Eng. Ency. of Law, 937; Com. v. Fowler, 96
   Ky., 166.
4. The ordinance in question is unconstitutional as a revenue
   ordinance because the tax it levies is at least ten times in ex-

cess of the *ad valorem* tax allowed by sec. 157 of the Constitution of Kentucky. Livingston v. Paducah, 80 Ky., 656.

GEORGE B. KINKEAD, FOR APPELLEE.  (No brief on file.)

FORMAN & BARTLETT, FOR APPELLANTS, IN A PETITION FOR A RE-HEARING.

1. No certain or unequivocal authority has ever been granted to cities of the second class in Kentucky to raise revenue by occupation or trade license fees.  In the absence of such authority the right to raise revenue in that manner does not exist. Cooley on Taxation, p. 408; Com. v. Fowler, 96 Ky., 169; Levy v. City of Louisville, 16 Ky. Law Rep., 872; Com. v. Markham, 7 Bush, 486; Trustees of Falmouth v. Watson, 5 Bush, 660; Ky. Stats., secs. 3174, 3184; Dillon on Munic. Corps., sec. 357; Burroughs on Taxation, sec. 17.

2. Taxation must be equal and uniform.  Ky. Con., sec. 171.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Section 181 of the Constitution is as follows:  ".  .  .  . The General Assembly may, by general laws only,  .  .  . delegate the power to  .  .  . municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions.  Section 3058, Kentucky Statutes, (being part of the act for the government of cities of the second class), which was enacted pursuant to section 181 of the Constitution, provides that "the general council [of cities of that class] shall have power, by ordinance,  .  .  . to license, tax and regulate  .  .  . livery, board, feed and sale stables, hansoms, cabs, hackney coaches, carriages, barouches, buggies, wagons, omnibuses, carts, drays, job wagons, and all other vehicles, used or let for hire.  .  .  ."

The general council of the city of Lexington, by virtue of the authority conferred by the above section, passed ordinances, one of which reads as follows:

"Each person conducting a livery, feed, sale or keep

stable, shall pay an annual license of ten (10) dollars, and shall in addition thereto pay the following yearly license for all vehicles kept in said stable for hire:

Each hack or two horse wagon.................... $10

Each buggy, rockaway, cart, drag, or one horse wagon    5

"Each vehicle kept for hire by the keepers of livery stables upon which the license has been paid shall be designated by a small tag or mark showing the year for which said license has been paid. Said tag or mark shall be furnished by the city clerk with the license, and he shall collect and turn into the city treasury twenty-five cents for each tag so furnished. Any livery stable keeper using or hiring for use any vehicle upon which the license has been paid without the aforesaid tag or mark attached to the same, shall be fined five (5) dollars for each such offense."

This court, in City of Covington v. Woods, 98 Ky., 344, [33 S. W., 84], had under consideration an ordinance of the same general import as the one under consideration here. Under the ordinance of the general council of the city of Covington, the charge of ten dollars for an annual license to livery stable keepers was not provided for. The court held the ordinance was valid, and said: "Where the ordinance provides that a given sum shall be paid as a license fee on a vehicle, it simply employs a method of fixing the amount of the license fee one shall pay by the number and character of his vehicles used or let for hire. It is in fact a tax on the occupation of the party owning or plying the vehicles in the city, though technically it may appear to be a tax on the vehicles. In the light of the constitutional provision, we must hold that the General Assembly so intended it to be, and that it is a tax on the occupation of the owner."

While the owner of a livery stable is required to pay so much as a license on each vehicle kept for hire, in addition to the *annual* license of ten dollars, still the sum total is the amount of the license fee which he is required to pay on his occupation. It is but one license fee charged, and this is to be ascertained by multiplying the number of two-horse vehicles by ten, and the one-horse vehicles by five, and this product added to the original sum will give the amount of the license fee which he is required to pay on his occupation.

As the general council is authorized to *regulate* livery stables, we see no valid objections to the method prescribed by the ordinance for supplying tags or marks for the vehicles at the sum of twenty-five cents for each so furnished. Whether the stable is owned by one individual, or a firm composed of several individuals, only one *annual* license of ten dollars, as designated in the ordinance, is required to be paid.

It would be unprofitable to go into a discussion of the power to exact license fees with the view of raising revenue. It is sufficient to say that the organic and statutory law of the State authorizes license fees to be collected for that purpose. The judgment is affirmed.

RESPONSE TO PETITION FOR REHEARING BY JUDGE PAYNTER.

Counsel insists that, because the ordinance in question was for the purpose of raising revenue, it is not valid, as no unequivocal authority had been granted to cities of the second class to raise a revenue by license fees or occupation tax. Section 181 of the Constitution is found under the heading "Revenue and Taxation," and the occupation tax authorized by that section of the Constitution is as manifestly intended for the purpose of raising revenue as is a

tax upon real or personal property. Section 3058, Kentucky Statutes, was enacted pursuant to that provision of the Constitution, and necessarily the Legislature intended, in the exercise of that power, to confer upon the city council authority to levy an occupation tax for the purpose of raising revenue. It was not necessary for the constitutional convention or the Legislature to say that the occupation tax provided for is for revenue. That would have been a declaration of the purpose of the law, which was otherwise perfectly clear and manifest. The city council had the right to make liverymen pay for the tag. This view was expressed in the opinion because the validity of the ordinance was questioned, but, as there was no cross appeal from the judgment of the court below on the validity of the ordinance in so far as it required liverymen to pay for the tag, the judgment of this court does not relieve the city from the effect of the judgment of the court below on that question. The petition for rehearing was considered by a judge who did not write the opinion.

---

CASE 100—EQUITY—FEB. 25.

### APPEAL FROM FAYETTE CIRCUIT COURT.