[Crim. No. 524.  In Bank.—October 24, 1899.]

Ex parte C. E. McKENNA on Habeas Corpus.

VOID MUNICIPAL ORDINANCE—UNREASONABLE LICENSE TAX—TRADING STAMP BUSINESS.—A municipal ordinance which, under the guise of a revenue measure, is an evident attempt to put an end to the issue and redemption of trading stamps, by levying a discriminating and excessive tax upon those dealers who resort to that mode of attracting customers, however small the extent of their monthly sales, assuming to exact from them a tax eight times the amount required of merchants doing the largest business without the use of such stamps, is oppressive, discriminating, prohibitory, unreasonable, and void.

ID.—LOTTERY—ADVERTISING.—The trading stamp device is not in the nature of a lottery, and has no element of chance, but is as legitimate a device to attract customers as any other form of advertising.

ID.—QUESTION AS TO UNREASONABLENESS OF ORDINANCE.—Where the question as to the unreasonableness of a municipal ordinance is in doubt, the ordinance will be upheld; but where the ordinance is clearly unreasonable, it will be held void.

ID.—ARREST UNDER UNREASONABLE ORDINANCE—HABEAS CORPUS.—A prisoner arrested upon a charge of violating an unreasonable municipal ordinance will be discharged upon *habeas corpus*.

HABEAS CORPUS in the Supreme Court to test the validity of an ordinance of the city of Fresno under which the petitioner was arrested, having been charged with a violation thereof, before A. M. Clark, Judge of the Recorder's Court.

The facts are stated in the opinion of the court.

Frank H. Short, and F. E. Cook, for Petitioner.

The license tax of eight hundred dollars per annum upon all dealers using trading stamps, without any such regard to the net profits of the business as characterizes license taxes generally, is unreasonable and void. (Dillon on Municipal Corporations, secs. 319-22, 737; 17 Am. & Eng. Ency. of Law, 253; *Mankato v. Fowler*, 32 Minn. 364; *Clinton v. Phillips*, 58 Ill. 102; 11 Am. Rep. 52; *St. Paul v. Traeger*, 25 Minn. 248; 33 Am. Rep. 462; *Robinson v. Mayor*, 1 Humph. 156; 34 Am. Dec. 625; *Barling v. West*, 29 Wis. 307; 9 Am. Rep. 576; *Matter of Jacobs*, 98 N. Y. 98; 50 Am. Rep. 636; *St. Paul v. Stoltz*, 33 Minn. 233; *Bloomington v. Chicago etc. R. R. Co.*, 134 Ill. 451; *State Center v. Barenstein*, 66 Iowa, 249.)

L. L. Cory, and L. H. Smith, for Respondent.

Every intendment is to be indulged in favor of the validity of this municipal ordinance; and mere discrimination is not ground for setting it aside. (*Ex parte Haskell*, 112 Cal. 412; *Ex parte Hurl*, 49 Cal. 558.)

BEATTY, C. J.—The petitioner was arrested upon a complaint charging him with the offense of carrying on and conducting at the city of Fresno the business of selling trading stamps redeemable in money, merchandise, or other things, and so redeeming the same without the necessary license, contrary to the provisions of a city ordinance, et cetera. This charge is in the language of an ordinance of the city of Fresno imposing a license tax of two hundred dollars per quarter upon all persons carrying on such a business. The prisoner contends that the ordinance is oppressive, discriminating, prohibi-

tory, and unreasonable; that it is therefore void and his imprisonment unlawful.

Frésno is a city of the fifth class, and has the power to license, for the purposes of regulation and revenue, all kinds of business, lawful games, et cetera. In pursuance of this power it has adopted a general ordinance imposing a graduated license tax upon merchants, ranging from two dollars and a half to twenty-five dollars, according to the amount of monthly sales— twenty-five dollars being the amount required of those whose sales equal or exceed thirty thousand dollars per month. The ordinance in question here is a recent amendment to the general license ordinance, and in exacting from every person issuing trading stamps—no matter how insignificant his monthly sales—a tax eight times the amount required of merchants doing the very largest business without the use of such stamps, was evidently designed to be prohibitory, as it necessarily must be with respect to any dealer whose profits do not considerably exceed two hundred dollars per quarter.

The sole question to be decided is, whether such an ordinance is so oppressive, discriminating, and unreasonable that a court may pronounce it invalid upon that ground.

The complaint upon which the prisoner was arrested means nothing more than this, that in conducting the business of a merchant he makes a practice of issuing stamps, or tickets, which he agrees to redeem and does redeem in merchandise or money. If such a practice is not embraced within the terms of the ordinance the complaint charges no offense, and the imprisonment is, of course, unlawful. But it is claimed on the one hand, and conceded on the other, that the ordinance was intended to apply, and does apply, to the practice alleged, and, as above stated, the sole question is the validity of the regulation.

In support of the ordinance, it is contended that the trading stamp device is a lottery in disguise, and therefore immoral. But we cannot see that it has any resemblance to a lottery. There is in it no element of chance, and nothing in the nature of gaming. It appears to be simply a device to attract customers, or to induce those who have bought once to buy again, and in this aspect is as innocent as any form of adver-

tising.  And, besides, if it were a lottery in disguise—a mere device to cloak a gambling scheme—it would be unlawful and not the subject of a license.  The ordinance, therefore, cannot be upheld on this ground.  It is not an ordinance to prohibit an immoral practice or to regulate a hazardous or offensive business, or the conduct of a lawful game or public exhibition.  It is, under the guise of a revenue measure, an evident attempt to put an end to the issue and redemption of trading stamps by levying a discriminating and prohibitory tax upon those dealers who resort to that method of attracting customers.

Many decisions are cited by the petitioner in which the courts of other states have condemned and set aside municipal ordinances such as this, upon the ground that they were unreasonable and contrary to public policy because in restraint of trade, but it is contended on the part of the people that this court in the case of *Ex parte Haskell*, 112 Cal. 412, has established a different principle and rule of decision.  It was said in that case that a municipal ordinance must be very clearly obnoxious to the objection that it is oppressive and unreasonable before it will be declared invalid by the court.  "Every intendment is to be indulged in favor of its validity and all doubts resolved in a way to uphold the law-making power; and a contrary conclusion will never be reached on slight consideration.  It is the province and right of the municipality to regulate its local affairs, within the law, of course, and it is the duty of the courts to uphold such regulations except it manifestly appear that the ordinance or by-law transcends the power of the municipality, and contravenes rights secured to the citizen by the constitution, or laws made in pursuance thereof."

Upon these principles it was held that an ordinance of the city of Chico, imposing a license tax of fifty dollars a quarter upon traveling salesmen, could not be declared invalid merely because it imposed a license somewhat less in proportion upon merchants having a fixed place of business within the city.  The ground of that decision was that the manner in which Haskell conducted his business—by which he avoided the payment of rents, property tax, et cetera—made it an essentially different business from that conducted by regular merchants and was, therefore, a good reason for discrimination.  The same cannot

be said in defense of the Fresno ordinance. The persons to whom it applies pay the same rents and local taxes as other merchants, and it is not perceived how the issue of trading stamps makes theirs an essentially different business or furnishes any justification for a discriminating ordinance. It is not necessary, therefore, to overrule or in any respect to depart from the doctrine of the Haskell case in order to pronounce the ordinance here in question invalid. Accepting the principles above quoted from the opinion in that case, it remains that in this case there is lacking a ground of discrimination which was there found to be sufficient to support the ordinance. Besides, there is no hard and fast line which divides the reasonable from the unreasonable in such matters. Where the question is in doubt, as in the Chico case, the ordinance will be upheld, but there may be such a palpable discrimination that there can be no doubt. We think this case furnishes an instance. To tax the smallest retail establishment eight times as much as the largest mercantile business, merely on account of its method of advertising or attracting customers, is clearly unreasonable.

The prisoner is discharged.

Temple, J., Harrison, J., and Henshaw, J., concurred.