[S. F. No. 5527. Department Two.—May 21, 1912.]

# H. S. BRAMMAN, Respondent, v. CITY OF ALAMEDA, and JOHN CONRAD, Chief of Police of the City of Alameda, Appellants.

MUNICIPAL CORPORATIONS—CITY OF ALAMEDA—LICENSE-TAX.—The city of Alameda, under subdivision 19 of section 17 of chapter II of article II of the charter (Stats. 1907, p. 1051), has the power to impose a license-tax either for regulation or for revenue.

ID.—CLASSIFICATION FOR PURPOSES OF LICENSE.—While a municipality in the imposing of license-taxes may not discriminate in doing so by imposing different taxes upon persons similarly situated and exercising the same privilege, still it may classify occupations, and in doing so may distinguish between different occupations, and likewise distinguish between those engaged in similar occupations.

ID.—BASIS OF CLASSIFICATION — REASONABLENESS OF STANDARD. — In adopting a classification with reference to the persons engaged in the same general occupation or business for the purpose of imposing a license-tax, any standard or rule of gradation may be adopted which is fair and reasonable and equally affects all within the class to which it is applied.

ID.—VEHICLES AND ANIMALS USED IN BUSINESS.—A classification of a particular business, for the purpose of imposing a gradated license-tax thereon, may be based upon the number of vehicles and animals which are used in the prosecution of the business.

ID.—CONSTRUCTION OF ORDINANCE—PROVISIONS TO BE CONSTRUED TO-GETHER.—Ordinance No. 484 of the city of Alameda is a general ordinance taxing occupations or business privileges and attempting to classify and license all such business for both regulation and revenue, and its provisions must be construed together, and the ordinance looked to in its entirety.

ID.—CLASSIFICATION OF BUSINESS OF RETAIL BUTCHER — LICENSE ON CLASS USING VEHICLES.—So construing section 85 with other provisions of the ordinance, its effect is, as far as the retail butcher business is concerned, to divide it into classes consisting of those who maintain a place of business in the conduct of which no vehicles are used and those who in the conduct of the same business use vehicles, and to impose upon the latter class a license-tax, dependent upon the number of vehicles and animals so used. Such a classification is fair and reasonable.

APPEAL from a judgment of the Superior Court of Alameda County. W. S. Wells, Judge.

The facts are stated in the opinion of the court.

M. W. Simpson, for Appellants.

R. B. Tappan, and Fred W. Fry, for Respondent.

LORIGAN, J.—This action was brought to restrain defendants from enforcing against plaintiff the provisions of an ordinance of the city of Alameda—No. 484—providing, among other things, for a license-tax on wagons and vehicles used in connection with any business.

The complaint alleges that plaintiff is a retail dealer in meats, having a shop in the city of Alameda where meats are sold and from which shop plaintiff delivers them to his customers in the city of Alameda by means of carts drawn by horses; that he has paid the license-tax imposed by said ordinance for the carrying on of his general business as a retail dealer in meats but has refused to pay a license-tax assessed by said ordinance upon the wagons used by him in connection with his business, upon the ground that said wagon license-tax is unconstitutional and void. The provisions of the ordinance which are attacked are set forth in the complaint and then follow allegations of interference with the business of plaintiff and injury thereto sustained through the conduct of defendants in delaying, detaining, and harassing upon the public streets of said city, the drivers of the delivery wagons of plaintiff in an effort to compel the payment of said wagon license-tax and the threatened arrest of plaintiff and his employees if said license-tax is not paid. The prayer was for a perpetual injunction restraining the enforcement or attempt to enforce the collection of said wagon license-tax from plaintiff or his employees.

The defendants challenged by demurrer the sufficiency of the facts set forth in the complaint to constitute a cause of action. It was stipulated on the hearing of the demurrer that the general business license-tax referred to in the complaint as having been paid by the plaintiff under the same ordinance imposing the said wagon license-tax was the sum of ten dollars and that the carts referred to in the complaint used by plaintiff in the delivery of meats to his customers consisted of two each drawn by one horse.

The demurrer to the complaint was overruled and the defendants declining to answer, judgment was entered against them granting plaintiff the relief prayed for and from this judgment defendants appeal.

The only point in the case is as to the validity of the section of the ordinance dealing with the wagon license-tax, it being conceded that if this section is invalid the complaint states a cause of action; if valid the demurrer of the defendants should have been sustained.

A proper consideration of the point involved necessitates a reference to some of the provisions of the charter of the city of Alameda, as also to some of the provisions of the ordinance in question.

Since 1907 the city of Alameda has been organized and existing under a freeholders' charter (Stats. 1907, p. 1051), which provides as to the powers and limitations of the council thereof (art. II, chap. 2) that it shall have power (sec. 17, subd. 17) "to impose all license-taxes subject to the restrictions elsewhere in this charter contained, and to provide for the collection thereof."

Subdivision 19: "to authorize the granting of licenses for any lawful purpose for revenue and regulation and to fix by ordinance the amount to be paid therefor and to provide for revoking the same; provided that no license shall be granted for a longer period than one year."

In 1908 the ordinance entitled: "Ordinance No. 484, providing for municipal licenses for regulation and revenue and establishing the license-tax therefor," some of the provisions of which are here in question, was adopted. The opening section of the ordinance makes the usual provision declaring it unlawful to commence or carry on any "trade, calling or occupation" specified in the ordinance or to "keep, employ or use any article or thing" for which a license-tax is imposed without first having procured a license from the city so to do.

Section 10 of the ordinance declares: "Except as hereinafter otherwise provided, where more than one occupation or business of those upon which a license-tax is hereinafter imposed is carried on or conducted by one person, firm or corporation at any one location, the license-tax for such combined business or occupation shall be the tax hereinafter imposed on that one of said occupations or business which is most

heavily taxed hereunder." Then follow provisions imposing a license-tax upon various specified occupations and businesses in the form usually pertaining to such ordinances. On the business of a retail meat dealer is imposed a general business license of ten dollars a year, which is the license plaintiff paid.

Coming now to the sections of the ordinance particularly involved here.

Section 85 is as follows: "For every person, firm or corporation who owns, keeps or uses any wagon or vehicle hereinafter described the license-tax shall be as follows:

"Subdivision A. · For every hack, coach, carriage, omnibus or automobile used for the carrying of passengers for hire with driver, $5.00 per year for each such vehicle.

"Subdivision B. For every wagon or cart drawn by two or more animals and used for the hauling of rock, dirt, manure, sand, loam, gravel, lumber, coal, hay, brick, cement, ice or oil, $6.00 per year for each such vehicle. For every such wagon or cart drawn by one animal, $3.00 per year.

"Subdivision C. For every truck or dray, express wagon, garbage wagon, or cart, vegetable garden wagon, or peddlers' wagon, $8.00 per year when drawn by two or more animals, and $5.00 per year when drawn by one animal.

"Subdivision D. For every motor vehicle used in transporting merchandise, $15.00 per year.

"Subdivision E. For every vehicle or wagon not hereinbefore in this section included, where used in connection with any business, $5.00 per year when drawn by two or more animals and $3.00 per year when drawn by one animal.

"Subdivision F. The provisions of section 10 of this ordinance shall not apply to license-taxes imposed by this section."

It is asserted by the appellant in his brief on this appeal, that the view taken by the trial court holding section 85 of the ordinance invalid was, that the power conferred by the charter upon the council "to authorize the granting of licenses for any lawful purpose for revenue or regulation" extended only to the granting of licenses for the lawful purposes followed by the licensee, and that the "lawful purpose" specified in the charter means the main business, pursuit or occupation of the licensee and that the plaintiff is not pursuing the business of operating a horse and wagon but the operation of a horse and wagon is merely incidental to his main pursuit,

which is that of conducting the business of a retail meat market, upon which alone a license-tax may be imposed.

Counsel for respondent, while insisting that this view. of the trial court was correct, does not limit his attack upon the validity of the subdivision of the ordinance to that ground alone, but in a voluminous and exhaustive brief upon the subject of the invalidity of the section, insists that it is violative of constitutional provisions, among others, that the section considered of itself, or in connection with the other provisions of the ordinance, is unreasonably discriminating, lacks uniformity in its operation, makes an arbitrary classification, and is class legislation. While, as we say, the brief of respondent discloses a careful and thorough presentation of these constitutional points, we perceive no occasion for any extended discussion of the subject.

When we come to a particular examination of the section in controversy and the ordinance of which it is a part, and apply to their consideration well-settled rules governing the proper exercise by municipalities of the power to license where it is conferred both for regulation and revenue, we think this case is brought within a narrow compass, which does not involve the consideration of anything save these rules.

It is to be observed that the particular provision of the ordinance which was held to be invalid by the trial court is found in a general ordinance of the municipality imposing license-taxes for the purposes of both regulation and revenue.

In considering the validity of the license-tax here in question it is immaterial, whether the license sought to be imposed is one for regulation or for revenue, because under the charter, the municipality has authority to impose it for both. The sole question is was there a valid exercise of power.

The principal point made by the respondent against the validity of section 85 of the ordinance is that it is an unwarranted attempt by the municipality to impose a license upon (taking his particular occupation) an incident to the business of a retail meat dealer,—namely, the use of delivery wagons therein, while there has already been imposed a license-tax upon the business itself to which such use is incident.

It may be conceded that the municipality could not divide a single taxable privilege and impose a separate tax upon different elements which constitute it. But when the entire

ordinance here in question is given proper consideration, it is
evident that nothing of this kind is attempted. While, of
course, the municipality in the imposing of taxes may not dis-
criminate in doing so by imposing different license-taxes upon
persons similarly situated and exercising the same privilege,
still it is well settled that it may classify occupations. and in
doing so may distinguish between different occupations, and
likewise distinguish between those engaged in similar occupa-
tions. In adopting a classification with reference to the per-
sons engaged in the same general occupation or business for
the purpose of imposing a license-tax any standard or rule of
gradation may be adopted which is fair and reasonable. The
license-tax to be paid by those engaged in a certain business or
occupation may be made to depend on the business done—the
receipts, sales or business transacted. (*County of San Luis
Obispo* v. *Greenberg,* 120 Cal. 300, [52 Pac. 797].) The
license-tax of those engaged in the laundry business may be
graded according to the number of persons employed there,
this being one method of gauging the amount of business done
in the laundry. (*Ex parte Li Protti,* 68 Cal. 635, [10 Pac.
113].) That there is no discrimination as to a license-tax re-
sulting from a lower tax upon those selling articles at a fixed
place of business than is required of those otherwise selling
the same articles is sustained in *Ex parte Haskell,* 112 Cal.
412, [32 L. R. A. 527, 44 Pac. 725]. In *Ex parte Lemon,* 143
Cal. 558, [65 L. R. A. 946. 77 Pac. 544], in which the cases
just referred to are cited, it was held that an ordinance im-
posing a higher license-tax upon restaurants where meals are
not prepared by the proprietor or members of his family and
those where they are so provided was a proper classification
of the occupation of keeping a restaurant. Within the rule of
the authorities, as the classification may be accomplished in a
variety of ways, any gradation will be sustained which is
reasonable and fair and equally affects all within the class to
which it is applied. And among the varying standards which
may be adopted, certainly it cannot be objected to as unfair
or unreasonable that as to a business class a reasonable dis-
tinction between members of the class cannot be based upon
the number of vehicles and animals which are used in the
prosecution of the business. This, as in the case of distinguish-
ing a class by the number of persons engaged in the conduct

of the business, is a method of gauging the amount of business done or the capital employed therein and imposing a license-tax upon the occupation under such gradation. Such a classification is recognized as a proper one in Dillon on Municipal Corporations, section 1410, volume 4 (5th ed.), p. 2473. (See, also, *Wilson et al.* v. *City of Lexington,* 105 Ky. 765, [49 S. W. 806, 50 S'. W. 834].) This it appears to us is just what the ordinance here in question does. We are not dealing with two distinct ordinances, nor with one ordinance imposing a tax upon the privilege of doing business in a municipality and likewise taxing vehicles, but with a single ordinance taxing occupations or business privileges and attempting to classify and license all such businesses for both regulation and revenue. Section 85 of the ordinance cannot be taken as something separate and distinct from the other provisions of the ordinance, but its provisions must be construed together and the ordinance looked to in its entirety. When this is done no difficulty is presented in determining exactly what is provided thereby. As far as the retail butcher business is concerned, conducted as a distinct business upon which a tax may be imposed, the ordinance divides it into classes consisting of those who maintain a place of business in the conduct of which no vehicles are used, and those who in the conduct of the same business use vehicles. Classification being authorized such a classification is fair, rational, and reasonable. The municipality is required to maintain and repair its streets. Those engaged in a business and using vehicles to transact it are doing so to the constant detriment of the street and are also in the enjoyment of a use thereof which is a use not commonly exercised by all the inhabitants of the municipality. It is therefore only proper and fair that those who make use of the streets in the conduct of a business privilege should pay therefor; and that those who use the streets most should pay more than those who use them less. This is the rule obviously adopted in the ordinance in question and upon which the classification is based. All engaged in the business of retailing meats, but who use no vehicles in transacting that business, constitute one, class and for the privilege of doing business as such in the municipality are required to pay an annual license-tax of ten dollars. Another class are those engaged in such business but using vehicles in connection therewith. The

license fee to be paid by this class is made dependent upon the number of animals used in the vehicles employed in the business. This is to be ascertained by the simple standard of multiplying the number of vehicles used in the business and drawn by one animal by three and those drawn by more than one animal by five, and as may be the case with each retail meat dealer using vehicles, this product added to the amount of the tax of ten dollars will constitute the amount which under the ordinance these latter dealers are, as a class, required to pay as an occupation tax. This is all there is to the ordinance. Section 85, as counsel for respondent assumes, is not at all a tax on vehicles as an essential incident of a business on which a license-tax has by previous provisions of the ordinance been fixed. The section is a constituent part of the general ordinance fixing occupation taxes, and is to be read and construed as such, and amounts simply to a classification of retail meat dealers into those who do, and those who do not, use vehicles in following their business (a classification quite rational and fair as we have pointed out) and measuring the occupation tax to be paid by the classification. The municipality undoubtedly has a right to make reasonable classifications, and as this is clearly what was done here, and the license-tax imposed as an occupation tax on the business under the classification, it was a valid exercise of municipal power and should have been so held.

Various other objections to the section are made by respondent, but in view of the construction which we have placed upon the ordinance as an entirety, we do not perceive any necessity for discussing these other points.

The judgment appealed from is reversed.

Henshaw, J., and Melvin, J., concurred.