Argued February 20, affirmed March 11, 1924.

## A. G. LYONS AND H. J. BENNETT, DOING BUSINESS AS STAR EMPLOYMENT AGENCY, v. C. H. GRAM, LABOR COMMISSIONER.

(223 Pac. 739.)

**Licenses—Each Member of Partnership Conducting Employment Agency must Pay License Fee.**
..Under Laws of 1915, page 135, Section 4 of which requires payment of a license fee by employment agents, defined in Section 1 as every "person" procuring employment for another, etc., each member of a partnership applying for a license must pay such fee, in view of the title, "an act to regulate employment agents," and Sections 2, 5, 6 and 9, all of which relate to individuals and not the business of employment agencies directly; a tax laid on all persons pursuing certain occupations, rather than on a business by name, being construed as personal.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

                                        AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Wilber Henderson.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. B. Hosford,* Assistant Attorney General.

---

See 25 Cyc. 624.

BURNETT, J.—In 1915, the legislative assembly passed the act of February 23d, Chapter 128, Laws of 1915, entitled,

"An Act to regulate employment agents, procuring of positions for employees or workers or furnishing them with employment or information leading thereto, providing for bonds and license fees by employment agents, regulating the conduct of employers hiring labor through employment agencies, and fixing a penalty for the violation thereof."

Section 4 of the act provides that the Commissioner of Labor Statistics and Inspector of Factories and Workshops may issue to the employment agent a license for the period of one year and that the amount of the license fee to be paid shall be in proportion to the population of the city or town in which the employment agent has his principal place of business, which fees are scheduled for cities of 15,000 or over at $50.

The plaintiffs, A. G. Lyons and H. J. Bennett, averring that they are partners doing business as a general employment agent under the name and style of the Star Employment Agency, applied to the defendant, Gram, as such Commissioner, for a license to conduct business as a general employment agent in Portland. They tendered a fee of $50. The commissioner refused to issue a license for that fee, demanding a fee of $50 for each member of the partnership. For this reason the plaintiffs sued out a writ of *mandamus* in the alternative to require the commissioner to issue license to the firm on the payment of $50, or show cause why he should not do so. The Circuit Court sustained a demurrer to the alternative writ and dismissed the proceeding. Hence, the plaintiffs have appealed.

We note that the title to the act proposes, not to regulate the business of employment agencies, but rather to regulate the agents themselves. The first section defines an employment agent thus:

"Every person who procures employment or help for another or furnishes intelligence or information for persons securing employment or help for compensation, shall be deemed and considered an employment agent."

The second section requires that an application for an employment agent's license shall set forth that the applicant is a citizen of the United States and shall be accompanied by the affidavits of at least ten freeholders of the state, to the effect that they believe him to be a person of good moral character and capable of exercising an employment agent's license according to the terms of the act. Among other conditions of the bonds required of the applicant are that he "shall pay all judgments recovered against him for any violation of the said provisions or requirements, together with such judgments and costs as may be recovered against him by any laborer, worker or applicant for position on account of any willful misrepresentations." Section 5 requires "Every employment agent" to furnish a receipt for his fees containing certain conditions. Likewise, "every employment agent shall keep a true and correct record of the names of all applicants," etc. In Section 6 a civil liability is imposed upon "any employment agent" who gives incorrect information and the like. Section 9 imposes criminal liability upon "any employment agent" on several grounds, all in the singular.

At the outset there is an inconsistency on the part of the plaintiffs in that, instead of using exclusively the firm name of "Star Employment Agency," they

have commenced this proceeding in their individual
names, averring of course that they are partners
under the conventional firm name.   It would seem that
if the firm, as such, is entitled to a license for a
single fee, the proceeding would have been initiated
by the "Star Employment Agency" without disclosing
the names of the individuals composing that concern.
The plaintiffs argue that the word "person" is appli-
cable to a firm for the purposes of the enactment in
question.   They cite *State* v. *Hosmer,* 72 Or. 59 (142
Pac. 581), to the effect that the term "person" in-
cludes a corporation which may be the subject of
criminal libel.   That case may be laid out of consid-
eration because the question of corporations is not
here involved.   They also urge that their firm should
be considered a person because in *Frazier* v. *Cottrell,*
82 Or. 614 (162 Pac. 834), in construing the Nego-
tiable Instruments Act, the court held that the signa-
ture of an assumed firm name bound all the partners
composing it under the definition peculiar to that act
whereby the term " 'person' includes a body of per-
sons whether incorporated or not."   That is to say
that all the individuals in that conventionally named
firm should be equally liable.   By a parity of reason-
ing in the instant case, each member of the firm would
alike be liable to pay a fee for engaging in the busi-
ness of an employment agent.   They contend also that
the term in question should apply to their firm be-
cause it is so applied to partnerships in the Bank-
ruptcy Act.   It is true, indeed, that a firm may contract
debts which are liabilities of the firm as distinguished
from their individual liability of partners so that the
property of the firm shall first be applied to the firm
debts but that is not this case: *Wilson* v. *Lexington,*
105 Ky. 765 (49 S. W. 806, 50 S. W. 834), cited by the

plaintiffs, was under a statute where the license was imposed on the business rather than upon the persons engaging in the business. *Overland Cotton Mills* v. *People,* 32 Colo. 263 (75 Pac. 924, 105 Am. St. Rep. 74), was a case where a corporation and its managers were being prosecuted for violation of the law against employing children under a certain age to labor. The court there said:

"*Prima facie,* the word 'person' in a penal statute which is intended to inhibit an act means 'person in law,' that is, an artificial as well as a natural person, and therefore includes corporations if they are within the spirit and the purpose of the statute."

For the reason, therefore, that a corporation was capable of hiring employees, they were held to be within the spirit of the statute against the employment of children. The reasoning does not apply to the instant case.

Here the regulation, according to the title of the act and all the earmarks throughout the enactment, relates to the individuals and not to the regulation of the business directly. The requirement that the applicant shall be a citizen of the United States and shall be shown to be a person of good moral character are attributes which cannot, in the very nature of things, apply to a firm. Such qualities apply only to individual, natural persons. It is not a fair construction of the law to allow a great combination of individuals to acquire practically a monopoly of the business of employment agencies for the payment of a single fee, yet that is one possible result of the construction contended for by the plaintiffs. The rule is thus stated in 21 Am. & Eng. Ency. of Law, second edition, 812:

"As a general rule, where the tax is laid upon a business by name the payment of a single tax by a

firm is sufficient; but where it is laid upon all persons who pursue certain occupations it will be construed as personal, and each member of a firm will be held liable individually."

That is really the rule observed in the case of *State ex rel. Reider* v. *Moniteau Co.,* 45 Mo. App. 387, where, without citing precedents, the court allowed a liquor license to two persons on one application and for one fee saying like our own statute that the "singular number includes the plural." In that instance, however, the business to be carried on was required to be located in a particular building to be described and designated in the license so that really the statute in the main regulated the business although there were incidental requirements respecting those engaged in the business. Our statute as shown by its title and by characteristic terms throughout the enactment refers to the persons rather than to the business.

We conclude that the Circuit Court was right in requiring a fee for each person proposing to engage in the business of employment agent whether alone or as a member of a firm. The judgment is affirmed.

AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.