[S. F. No. 11124. In Bank.—February 25, 1926.]

## TOWN OF ST. HELENA (a Municipal Corporation), Respondent, v. H. J. BUTTERWORTH, Appellant.

[1] MUNICIPAL CORPORATIONS — LICENSE ORDINANCE — ABSENCE OF FIXED PLACE OF BUSINESS — REASONABLE DISCRIMINATION. — A municipal license ordinance which provides that a traveling salesman or merchant carrying his goods in a wagon, truck, automobile, or other vehicle operated over and along the streets of the town, selling his goods at wholesale to the merchants of said town, and who does not maintain a fixed place of business within said town, or who is not in the sole employ of the proprietor of such an established place of business, shall pay a license fee of a specified arbitrary sum per quarter year in advance is not oppressive or unreasonable by reason of the fact that such ordinance provides that a merchant who has a fixed place of business in the town shall pay a license fee upon a graduated scale, dependent upon the amount of business transacted during any one quarter year.

[2] ID.—WHOLESALE MERCHANTS—MEANS OF DELIVERY OF GOODS— UNJUST DISCRIMINATION—CONSTITUTIONAL LAW.—A municipal license ordinance which wholly exempts a wholesale merchant whose place of business is outside the town and who ships his goods to the merchants in the town by any other method than by personal delivery in a wagon, truck, automobile, or other vehicle, whereas a license fee of a specified sum per quarter year is imposed upon the wholesale merchant whose place of business is outside the town, and who uses those means of delivering his goods within the town, is unjustly discriminatory in favor of the former class and against the other and, therefore, falls within the inhibition of article I, section 21, of the state constitution.

(1) 37 C. J., p. 204, n. 58.    (2) 37 C. J., p. 203, n. 44.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Reversed.

The facts are stated in the opinion of the court.

E. L. Webber for Appellant.

1. Discrimination against nonresidents by statute or ordinance imposing license or occupation tax, note, 40 L. R. A. (N. S.) 279. See, also, 16 Cal. Jur. 241; 17 R. C. L. 513.

2. See 16 Cal. Jur. 240.

Clarence N. Riggins for Respondent.

WASTE, C. J.—The plaintiff municipality brought an action against the defendant to collect a license tax, and the penalty for nonpayment thereof, imposed under the terms of a section of the general license ordinance of the town of St. Helena. The defendant was engaged in the business of selling merchandise at wholesale to merchants of the town. He maintained no fixed place of business in St. Helena, nor was he in the employ of any person maintaining such place of business. He carried his goods into the town and to the merchants in an automobile, or automobile truck, and refused to procure a license for the conduct of his business. The trial court found in favor of the plaintiff, and from the judgment rendered the defendant has appealed.

It is not disputed that under the provisions of section 862, subdivision 10, of the Municipal Corporation Act (Stats. 1883, p. 270), the town of St. Helena is authorized to license, for the purpose of revenue and regulation, every kind of business authorized by law and carried on in the town. [1] The sole question presented in the court below and argued here is whether or not section 73a of the general license ordinance of the town is constitutional. It reads as follows: "Every traveling salesman or merchant carrying his goods in a wagon, automobile, truck, or other vehicle operated over and along the streets of the Town of St. Helena, selling his goods at wholesale to the merchants of said town, and who does not maintain a fixed place of business within the said Town, distinct and separate from all other places of business or residence, regularly kept open with a salesman in exclusive attendance therein between the hours of eight o'clock A. M. and six o'clock P. M. for at least forty-eight hours in each and every week, or who is not in the sole employ of the proprietor of such an established place of business, shall pay a license tax of $15.00 per quarter in advance." It is provided elsewhere in the ordinance that merchants who have a fixed place of business in St. Helena shall pay a license fee which is determined by the amount of business that such merchants transact during any one quarter year. The ordinance fixes a graduated scale for these merchants, running from five dollars a

quarter for a merchant whose sales amount to less than fifteen hundred dollars during the period, to fifteen dollars per quarter for merchants whose sales amount to six thousand dollars, and not over nine thousand dollars per quarter. No license is imposed on any merchant, or salesman, doing business with the merchants of the town at wholesale only, whose place of business is outside the limits of St. Helena, but who makes deliveries in any other manner than by personal delivery in a wagon, automobile, truck, or other vehicle.

The appellant contends that the requirement that he pay an arbitrary license fee of fifteen dollars per quarter when the amount of the tax required by other provisions of the ordinance to be paid by merchants who have a fixed place of business in the town of St. Helena is determined by the amount of business that such merchants do during any one quarter, renders the ordinance discriminatory, and the license excessive, as to him. He also invokes the provisions of section 21 of article I of the constitution of California, which provides that no citizen or class of citizens shall be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens. These contentions of appellant appear to be met, in part, by the decision of this court in *Ex parte Haskell,* 112 Cal. 412 [32 L. R. A. 527, 44 Pac. 725]. That case holds that we are not called upon to say that the ordinance is either oppressive or unreasonable by reason of the difference in the manner of arriving at the amount of the license to be paid by appellant, and the amount to be paid by one having a fixed place for the conduct of business of the same general character within the limits of St. Helena. The court there said (p. 417) : ''The very power to license for purposes of regulation and revenue involves the right to make distinctions between different trades and between essentially different methods of conducting the same general character of business or trade.'' The manner in which one may conduct his business, by which he avoids the payment of rent, property tax, and other local burdens, makes it an essentially different business from that conducted by regular merchants having a fixed place of business, and is a good reason for discrimination in the matter of fixing the amount of the license tax each shall pay, provided, of course, the

ordinance fixing the tax is not clearly open to the objection that it is oppressive and unreasonable. (*Ex parte McKenna,* 126 Cal. 429, 438 [58 Pac. 916].) The ordinance here in question is not open to attack because in arriving at the amount of the license tax to be paid by appellant it makes a distinction between essentially different methods of conducting the same general character of business. (*Bramman* v. *City of Alameda,* 162 Cal. 648 [124 Pac. 243].)

[2] But, for another reason we are of the opinion that the ordinance imposing an arbitrary license tax of fifteen dollars per quarter on the business of appellant is open to attack. It discriminates between the wholesale merchant whose place of business is outside the town of St. Helena and who ships his goods to the merchants in the town by any other method than by personal delivery in a wagon, truck, automobile or other vehicle, and the wholesale merchant whose place of business is outside St. Helena, and who uses those means of delivering his goods within the town. The wholesale merchant in the first class is exempted; the merchant in others is placed under the burden of the tax. We are unable to perceive any rational reason for such discrimination in favor of the one class as against the other. The decision in *Ex parte Haskell, supra,* has no application to the objection to the St. Helena ordinance we are now considering. The ordinance in that case, as was pointed out by the court (p. 420), was general in its terms, and applied alike to all residents and nonresidents who did not maintain regular places of business in the city of Chico, and who sold to persons not regularly engaged in carrying on such lines of business. The ordinance here, in the imposition of the license tax on appellant and exempting other wholesalers, discriminates between persons similarly situated and exercising the same privileges. It therefore falls within the inhibition of the constitutional provision. (Art. I, sec. 21; *Bramman* v. *City of Alameda, supra; In re Robinson,* 68 Cal. App. 744 [230 Pac. 175], and cases cited.)

The judgment is reversed.

Shenk, J., Seawell, J., Lawlor, J., Curtis, J., Lennon, J., and Richards, J., concurred.

Rehearing denied.