[Civ. No. 10499. First Appellate District, Division Two.—June 15, 1937.]

CONTINENTAL BAKING COMPANY (a Corporation) et al., Appellants, v. CITY OF ESCONDIDO (a Municipal Corporation) et al., Respondents.

William H. Evans for Appellants.

Henderson & Henderson and J. W. Henderson, as *Amici Curiae* on Behalf of Appellants.

A. L. Hubbell for Respondents.

DOOLING, J., *pro tem.*—Appeal from a judgment for defendants entered after sustaining a demurrer to an amended complaint. Plaintiffs and appellants are severally engaged in the bakery business in the city of San Diego and selling bakery goods within the corporate limits of respondent City of Escondido. By their complaint in this action they sought to enjoin the enforcement of Ordinance No. 297 of respondent city, imposing a license tax on persons, firms and corporations engaged in the bakery business, on the ground of unconstitutional discrimination.

The taxing sections of the ordinance which are claimed to operate unconstitutionally upon appellants are sections 6 and 7 and so far as here involved those sections read:

"Section 6: Every person, firm or corporation owning, operating and conducting a bakery within the City of Escon-

dido, California, and which bakery is upon the tax rolls of said City, shall pay to said City the following license fee— To-wit: the sum of Fifty Dollars ($50.00), for each year for each such bakery so operated. . . .

"Section 7: Every person, firm or organization owning, operating and conducting a bakery without the City of Escondido, California, and who carries on or engages in the business of selling bakery products or solicits orders for the sale of bakery products in said City, produced in such bakery, directly or indirectly, individually or by agent, representative or otherwise, shall pay to said City the following license fee to-wit: One Hundred and Fifty Dollars ($150.00) for each year for each such bakery, provided such person, firm or corporation shall use no more than one vehicle in his said business in said City and for each additional vehicle used by said person, firm or corporation in said City there shall be paid a further sum of Twenty-five Dollars ($25.00) for each vehicle, which said sum of Twenty-five Dollars shall be paid semi-annually in advance. . . . "

We consider this case to be controlled by the principles laid down in *Ex parte Haskell,* 112 Cal. 412 [44 Pac. 725, 32 L. R. A. 527] , *E. A. Hoffman Candy Co.* v. *City of Newport Beach,* 120 Cal. App. 525 [8 Pac. (2d) 235] , *Town of St. Helena* v. *Butterworth,* 198 Cal. 230 [244 Pac. 357], and *Bueneman* v. *City of Santa Barbara,* 8 Cal. (2d) 405 [65 Pac. (2d) 884, 109 A. L. R. 895].

In considering the validity of any such ordinance we must indulge every intendment in favor of its validity and bear in mind that "the very power to license for purposes of regulation and revenue involves the right to make distinctions between different trades and between essentially different methods of conducting the same general character of business or trade". (*Ex parte Haskell, supra; E. A. Hoffman Candy Co.* v. *City of Newport Beach, supra; Town of St. Helena* v. *Butterworth, supra.*)

In *Ex parte Haskell, supra,* the license ordinance involved imposed a flat license fee upon merchants not maintaining a fixed place of business in the city and a graduated license based upon the amount of monthly sales upon merchants maintaining a fixed place of business within the city. The court said of this ordinance at page 420: "It does put into a class by themselves those who prosecute their business by

the method therein specified, and discriminates in the amount of license as between such class and merchants having their business located in the municipality . . . But such discrimination is lawful, and has been uniformly upheld upon the principle that, although the different classes are engaged in the same general business of selling merchandise, it is in the several instances carried on under such different circumstances, and by methods so essentially dissimilar, and with such widely different facilities for profit, as to furnish just and reasonable ground for such discrimination.''

In *Town of St. Helena* v. *Butterworth, supra,* the Supreme Court had before it an ordinance imposing a flat license fee on salesmen carrying their goods by their own vehicles and who had no fixed place of business within the municipality, and a graduated tax dependent on the amount of sales on merchants having a fixed place of business within the municipality. The ordinance was held unconstitutional because it discriminated as between merchants having no fixed place of business in the town who made deliveries by their own vehicles and those who delivered in any other way, since it imposed no tax on the latter class. The ordinance here under attack is not open to this objection since it lays the tax on all those included in section 7 whether they use their own vehicles in making deliveries or not. But as against the claim that the St. Helena ordinance discriminated unconstitutionally in favor of merchants having a fixed place of business in St. Helena, the Supreme Court held that the ordinance was not unconstitutional on that ground upon the authority of *Ex parte Haskell, supra.* The court said at page 232:

''The manner in which one may conduct his business, by which he avoids the payment of rent, property tax, and other local burdens, makes it an essentially different business from that conducted by regular merchants having a fixed place of business, and is a good reason for discrimination in the matter of fixing the amount of the license tax each shall pay, provided, of course, the ordinance fixing the tax is not clearly open to the objection that it is oppressive and unreasonable. (*Ex parte McKenna,* 126 Cal. 429, 438 [58 Pac. 916].) The ordinance here in question is not open to attack because in arriving at the amount of the license tax to be paid by appellant it makes a distinction between essentially different

methods of conducting the same general character of business.''

In *E. A. Hoffman Candy Co.* v. *City of Newport Beach, supra,* a tax was placed upon each vehicle used for deliveries by those not maintaining a fixed place of business in the city, while those maintaining a fixed place of business were charged no license for the use of delivery vehicles although they did pay a license fee upon their businesses. The ordinance was held constitutional as against the claim that it discriminated unconstitutionally against those having no fixed place of business within the city, upon the authority of *Ex parte Haskell, supra.*

In *Bueneman* v. *City of Santa Barbara, supra,* the Supreme Court held unconstitutional an ordinance which placed a license tax upon persons doing a laundry business within the city who had no place of business within the city and entirely exempted from license tax persons doing a laundry business at a fixed place of business within the city. The court in that case recognized the rule laid down in *Ex parte Haskell, supra,* but distinguished that case in the following language:

''But the right to make such distinctions is not broad enough to allow a municipality to tax persons doing a particular kind of business within the city and to entirely exempt other persons doing the same kind of business in essentially the same way.''

The court further said in distinguishing *Armour & Co.* v. *Virginia,* 246 U. S. 1 [38 Sup. Ct. 267, 62 L. Ed. 547]: ''That those in the different classifications were taxed in different ways and in different amounts is unimportant. The constitutional requirements were met.''

And again in discussing *Richmond Linen Supply Co.* v. *Lynchburg,* 160 Va. 644 [169 S. E. 554]: ''Here again all in the same business were taxed, although in different amounts.''

Finally in the Bueneman case the Supreme Court said: ''That legislation of such character may discriminate is not denied. There may be discrimination founded upon a reasonable classification of all persons transacting the same kind of business. But discrimination cannot go to the extent of being a mere subterfuge for legislation directed against a particular group of tax payers.''

■ From this consideration of the California decisions we conclude that the rule in this state must now be taken to be settled that for the purpose of fixing and imposing license taxes merchants having fixed places of business within a city and other merchants may be separately classified and license taxes in different amounts may be laid upon those in the two classifications, so long as a tax is actually imposed upon both classes, and provided that the tax on one class is not so disproportionately heavy as to demonstrate that the classification is ''a mere subterfuge for legislation directed against a particular group of taxpayers''.

■ That the ordinance here in question may not be said to be a mere subterfuge for such oppression we think is clear. Persons conducting bakeries within the City of Escondido are obliged to pay an *ad valorem* tax to the city on the real and personal property devoted to their businesses. Those engaged in the bakery business elsewhere pay no such tax to the City of Escondido. This fact alone furnishes sufficient justification for imposing a greater license fee upon the latter class. (*Town of St. Helena* v. *Butterworth, supra; Richmond Linen Supply Co.* v. *Lynchburg, supra.*)

In the latter case the Supreme Court of Appeals of Virginia said: ''Local laundries do pay a license tax, though it is smaller in amount, but they are otherwise taxed directly and indirectly in ways which petitioner wholly escapes. They in turn might complain if they had to pay for their incidental linen service the same tax assessed against a non-resident, whose sole business it was, and have at the same time to pay property and water taxes not leviable against their competitors.''

That this factor was in the minds of the taxing authority in the case before us seems clear from the reference in section 6 of the ordinance: ''which bakery is on the tax rolls of said City''.

Considering the amounts of the several license fees, we cannot find that any unconstitutional discrimination exists.

Judgment affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1937.