## Cambridge Springs Borough v. Kineston

*John A. Bolard* and *Kent & Kent*, for plaintiff.
*Stuart A. Culbertson*, for defendant.

MOOK, P. J., November 7, 1952.—Defendant, Nor-man L. Kineston, was arrested for a violation of an ordinance of the Borough of Cambridge Springs. He was found guilty by a justice of the peace and an ap-peal was allowed to this court.

The ordinance provides that:

". . . no persons shall . . . without first having procured a license therefor . . . possess and operate, or permit the operation of, a vending machine, which operates automatically upon the insertion of a coin, which machine is or may be used for the vending or sale of cigarettes, candy, or other articles of merchandise."

The ordinance further provides that "the license fee for the privilege of maintaining, operating, or permitting the operation, of a vending machine which operates automatically upon the insertion of a coin and which is or may be used for the vending of cigarettes, candy or other articles of merchandise shall be and is hereby fixed at $5.00 per year or any fractional part thereof".

The foregoing sections are part of an amendment adopted July 26, 1946, entitled ordinance No. 381, which amended an ordinance originally enacted on April 22, 1907, and known as ordinance no. 146.

Mr. Kineston, defendant, was the operator of a gasoline station in the Borough of Cambridge Springs and had in his possession at his station a candy vending machine. He had no permit for this machine for the year 1951. Accordingly, the Chief of Police of the Borough of Cambridge Springs filed a complaint against him for violation of this ordinance and after hearing before a justice of the peace he was found guilty and sentenced to pay a fine of $10 and costs and in default of the same to be committed to the county jail for a period of five days.

While in his petition for an allowance of an appeal defendant averred that there was not sufficient evidence produced on the part of the Borough of Cambridge Springs, Pa., to show that defendant was guilty of the offense charged, and further averred certain irregularities on the part of the justice of the peace by reason of the fact that she was a clerk and stenographer in the office of the borough solicitor, these points

were not raised at the hearing before the court. On the contrary the facts were admitted by a stipulation entered into between John A. Bolard and John I. Kent, attorneys for the borough, and Stuart A. Culbertson, attorney for defendant. Accordingly, no hearing was had before the court and no testimony taken and the case was submitted on the basis of the stipulation and arguments of counsel.

Defendant's counsel contends, however, that the ordinance under which defendant was arrested is unconstitutional and void for the reason that it is discriminatory, that it lacks uniformity, that it is confiscatory and in violation of the fourteenth amendment to the Constitution of the United States.

To determine whether there is any merit in defendant's contention it is first necessary to ascertain whether the ordinance may be sustained as a valid exercise of the inherent police power of the borough.

The Borough Code of July 10, 1947, P. L. 1621, sec. 40, 53 PS §13329, specifically provides that the corporate officers of the borough shall have the right "to make such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort, and safety of the borough". While the words "safety, morals and general welfare", did not appear in the general Borough Act of May 4, 1927, P. L. 519, or any of its amendments, the Act of 1927, sec. 1006, did provide that:

"It shall be the duty of the council, a majority of whom shall be a quorum: . . . to enact, revise, repeal, and amend, such laws, rules, regulations, and ordinances, not inconsistent with the laws of the Commonwealth, as it shall deem beneficial to the borough and to provide for the enforcement of the same".

This section has been reënacted by the Act of July 10, 1947, P. L. 1621, sec. 23. Thus, there is no doubt that the borough had at the time of the enactment of

this amended ordinance the right to make reasonable regulations providing for the health, safety, and welfare of the borough. However, the regulation in order to be valid must bear a reasonable relationship to the public health, safety and morals of the inhabitants of the borough and the legislature (or in this case the borough) may not under the guise of protecting the public interest arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. In other words, the determination as to what is a proper exercise of its police power is not final or conclusive, but is subject to the supervision of the courts: Lawton v. Steele, 152 U. S. 133. In one of the leading Pennsylvania cases relating to the police power, to wit, White's Appeal, 287 Pa. 259, 264, the court said:

"Likewise, there should be a reasonable and substantial relation between the thing acted upon and the end to be obtained, one that promotes health, safety or general welfare, necessary to the community good, and a reasonable demand for regulation, not one that it is merely an unnecessary 'experimentation (or interference) with the fundamental rights of the individual': Truax v. Corrigan, 257 U. S. 312, 338.

"While the tribunal to determine the proper exercise is in the first instance, the legislature, the ultimate decision rests with the Courts. If after investigating there is doubt as to whether the statute is enacted for a recognized police subject, or if, conceding its purpose, its exercise goes too far, it then becomes the judicial duty and declare the given exercise of the police power invalid."

We fail to see how it is a proper exercise of police power to control the sale of candy or candy bars. Certainly that is a legitimate business and in our judgment is not detrimental to the public welfare, safety and morals of the community. There is nothing unlawful

about it. There is nothing that requires the police to supervise it. We, therefore, must conclude that the ordinance cannot stand insofar as it relates to candy vending machines as an exercise of the police power of the borough.

If, therefore, the ordinance can be sustained at all it must be sustained under the taxing authority of the borough. Here, however, as pointed out by defendant in authorities submitted, the ordinance appears to be in contravention with the provisions of the Constitution of this Commonwealth, contained in article 9, sec. 1, which section provides:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws".

As we have previously mentioned, the ordinance provides that the license fee for the privilege of maintaining and operating a vending machine for the vending of cigarettes, candy or other articles of merchandise shall be $5 per year. Thus, the effect of the ordinance is to place a tax upon the privilege of selling candy or other articles of merchandise only when it is sold or dispensed through the means of a vending machine. It does not place a tax upon the merchant who sells it over a counter or in any other manner in his place of business. As pointed out by Judge Soffel in the case of Commonwealth ex rel. v. Bradley, 40 D. & C. 584, 599:

"It seeks to exact from defendant merely because he utilizes machines to merchandise his goods an added tax or burden as contrasted with the ordinary dealer who sells the same merchandise over the counter. . . ."

In that case Judge Soffel, then a judge of the Allegheny County Court, held that an ordinance of the City of Pittsburgh, requiring a license and a payment of a fee to vend candy, nuts and gum by mechanical devices,

was null and void and nonenforcible and that it discriminates arbitrarily between methods of doing business and deprived defendant of his property without due process of law. In her exhaustive and well reasoned opinion Judge Soffel referred to the case of In Re Richardson, decided by the Supreme Court of California, 170 Cal. 68, 148 Pac. 213, in which case the court held invalid a license tax on vending machines levied by a San Francisco ordinance similar to the present case. In that case the court said:

"The license tax attempted is one solely on his mode of making his sales and deliveries, without any reference whatever to the amount of business done. If he uses such a machine, or machines, for that purpose, he must pay a license tax of $2 per annum for each machine so used. If he sells and delivers the very same merchandise in any other manner, he is not required to pay any license tax at all. It is elementary that there must be equality and uniformity in the imposition of license taxes for revenue purposes, and that any classification providing different charges for those engaged in the same business, a charge for some and exemption for the others, must be one founded upon some natural and reasonable distinction pertinent to the matter. So, different charges may be imposed on those engaged in the same business, proportioned to the amount of business done, estimated in many different ways (see Ex parte Lemon, 143 Cal. 558, 65 L. R. A. 946, 77 Pac. 455; Bramman v. City of Alameda, 162 Cal. 648, 124 Pac. 243), and this is the usual basis of any difference in the amount of charge on those engaged in the same business. But, and we are now speaking solely of revenue taxes, we know of no principle that warrants the imposition of a tax on some of those engaged in a certain business solely because of the method they use in making their sales and deliveries, and the

exemption of all engaged in the very same business who do not use that method. We are speaking, of course, of methods not involving any occupancy or use of public property, such, for instance, as the use by wagons of a public highway. A tax thus imposed is really one solely on the method used by the merchant, and not on the business, a tax of the same nature as would be one imposed on a tradesman solely because of his use in making sales of such articles as a computing scale, a cash register, a cash carrier or some other such modern device. A difference in such mere methods of making sales and deliveries does not furnish a proper basis for classification of vendors of merchandise."

Referring again to the Pittsburgh ordinance, Judge Soffel said:

"In our judgment discrimination such as is effected by the instant ordinance is in conflict with the laws of the State and the provisions of State and Federal Constitutions. . . . It is, therefore, our conclusion that the tax is discriminatory and lacking in uniformity and is, therefore, in violation of article I, secs. 9 and 10, and article IX, sec. 1, of the Constitution of the Commonwealth of Pennsylvania, and section 1 of the fourteenth amendment to the Constitution of the United States".

We are in full accord with the views stated in Judge Soffel's opinion, and we are, therefore, constrained to hold that ordinance no. 146, as amended by ordinance no. 381 of the Borough of Cambridge Springs is likewise unconstitutional and void insofar as it prohibits the possession of automatic candy vending machines without a license or permit.

We, therefore, enter the following

*Order*

And now, November 7, 1952, the appeal is sustained and defendant, Norman L. Kineston, is discharged.