[Sac. 73.  Department One.—January 21, 1896.]

## MERCED COUNTY, RESPONDENT, v. C. E. FLEMING, APPELLANT.

ACTION TO RECOVER LIQUOR LICENSE — EVIDENCE — PASSAGE OF COUNTY ORDINANCE—RECORD—BURDEN OF PROOF.—In an action to recover a liquor license imposed by a county ordinance, the passage of the ordinance is proved *prima facie* by producing in evidence the ordinance book from the custody of the clerk, containing the record of the ordinance, showing that it was passed at a regular session of the board of supervisors, by a specified vote, and that the record is properly authenticated by the signatures of the chairman and clerk, together with evidence showing its due publication; and though the regularity of the proceedings for the adoption of the ordinance is denied by the answer, the burden of contradicting the record by showing that it was not passed as stated in the record is upon the defendant.

ID.—POWER TO LICENSE AND REGULATE — PROHIBITION. — The power to license and regulate the sale of liquors for the purposes of revenue is distinct from the power to prohibit such sale; and an ordinance which in terms proceeds under the power to regulate and to impose a license tax, but in its effect amounts to an exercise of the power of prohibition, cannot be upheld.

ID.—REASONABLENESS OF ORDINANCE — PROHIBITORY CHARACTER — QUESTION OF LAW—FACE OF ORDINANCE.—Whether an ordinance be reasonable and consistent with the law or not, is a question for the court, and not for the jury; and the question whether an ordinance providing licenses for revenue is unreasonable and prohibitory in its nature is to be determined by the court from the face of the ordinance, and it must be upheld, unless, as matter of law, the court can say that it is so unreasonable in character as to transcend the proper exercise of the right by the law-making power.

ID.—VARYING CIRCUMSTANCES — INADMISSIBLE EVIDENCE — EFFECT UPON DEFENDANT'S BUSINESS.—The validity of an ordinance providing liquor licenses for revenue, is not a question of fact, depending upon the varying circumstances of each particular case, or upon the effect of the regulation upon the business of the defendant or other persons; and evidence is inadmissible to show that the effect of the ordinance is to prohibit the business of the defendant, or that of other retail liquor dealers in the county.

APPEAL from a judgment of the Superior Court of the County of Merced, and from an order denying a new trial. J. K. LAW, Judge.

The facts are stated in the opinion of the court.

*G. W. Baker* and *C. Michner*, for Appellant.

To be valid, an ordinance must have been passed at a regular meeting or a special meeting called for the purpose. (*People* v. *Dunn*, 89 Cal. 228; *San Diego County* v. *Seifert*, 97 Cal. 594.) The entry of the ayes and nays in the minute-book is an essential element to the passage of an ordinance. (County Government Act, 1893, sec. 26.) The method of enacting ordinances is prescribed by statute, and that method must be strictly followed. (*San Diego County* v. *Seifert, supra;* Dillon on Municipal Corporations, sec. 309.) Under the provisions of the county government act, giving power to license, for the purpose of regulation and revenue, all and every kind of business not prohibited by law, prohibition cannot be effected, and the very terms of the power preclude the exercise to such an extent as to prevent the carrying on of the business. (*Merced County* v. *Helm*, 102 Cal. 163.) Testimony showing that the ordinance was prohibitory was relevant, as it touched upon an issue made by the pleadings. (*Platner* v. *Platner*, 78 N. Y. 95; *Ex parte Sikes*, 102 Ala. 173; *State* v. *Stone*, 46 La. Ann. 147; *Ex parte Burnett*, 30 Ala. 461; *Lyons* v. *Cooper*, 39 Kan. 324.)

*F. G. Ostrander, District Attorney,* for Respondent.

The book containing the record of the ordinance, together with the testimony establishing its due publication, was sufficient proof of its passage, in the absence of any evidence showing that it was not passed in the manner and at the time stated in the record. (*San Diego County* v. *Seifert*, 97 Cal. 599; Horr and Bemis on Municipal Ordinances, 161.) The presumption arising from the existence of the ordinance upon the record of ordinances is sufficient to entitle it to be received in

evidence, without further proof, and the burden of showing its invalidity is upon the defendant. (Code Civ. Proc., sec. 1963, subd. 15; sec. 1918, subd. 5; sec. 1920; *San Diego County* v. *Seifert, supra; Flora* v. *Lee,* 5 Ill. App. 629; Dillon on Municipal Corporations, 3d ed., sec. 422.) The courts will not interfere with the discretion of the municipal legislature in fixing the amount of the tax, unless it appears from the ordinance itself that it is unreasonable and prohibitory. (*Ex parte Guerrero,* 69 Cal. 94; *Ex parte Hurl,* 49 Cal. 557; *Ex parte Wolters,* 65 Cal. 269; *Ex parte Chin Yan,* 60 Cal. 78; *Ex parte McNally,* 73 Cal. 632; *Ex parte Felchlin,* 96 Cal. 360; 31 Am. St. Rep. 223; *Ex parte Mansfield,* 106 Cal. 400; Black on Intoxicating Liquors, secs. 181 and 227; Dillon on Municipal Corporations, secs. 327, 328.) Whether an ordinance be reasonable and consistent with the law or not, is a question for the court and not the jury, and evidence to the latter on this subject is inadmissible. (Dillon on Municipal Corporations, sec. 327; *Ex parte Frank,* 52 Cal. 610; 28 Am. Rep. 642; *Commonwealth* v. *Worcester,* 3 Pick. 473.

VAN FLEET, J.—This is an appeal from a judgment in favor of plaintiff and an order denying a new trial in an action to recover a liquor license imposed by an ordinance of the board of supervisors of the plaintiff county.

1. It is claimed that the court below erred in admitting in evidence the ordinance under which the action is prosecuted, and holding that it was regularly adopted, because it was not shown that it was adopted at a regular session of the board. The regular ordinance book of the board was produced from the custody of the clerk, the official in whose keeping it belonged, and duly identified, and the ordinance in question was found therein regularly and properly recorded; it contained the recital at the end thereof: "The foregoing ordinance was passed and adopted by the board of supervisors of said Merced county, at a regular session of said board, this,

the eleventh day of January, in the year of our Lord
one thousand eight hundred and ninety-five, by the fol-
lowing vote: Ayes, supervisors C. C. Nelson, G. P. Ken-
sey, J. H. Edwards. Noes, J. W. Haley, R. Shaffer."
This was followed by a proper authentication by the
signature of the chairman of the board and attestation
of the clerk. Evidence was also introduced showing
the due publication of the ordinance. This was suffi-
cient to establish a *prima facie* case of regularity in the
adoption of the ordinance and entitle it to be admitted
in evidence. That the ordinance was passed at a reg-
ular session was one of the presumptions afforded by the
*prima facie* showing made, and, if defendant desired to
overcome that presumption by showing that in fact it
was not so passed, the burden was upon him. (*San Diego
County* v. *Seifert*, 97 Cal. 599; Code Civ. Proc., sec. 1963,
subd. 15; sec. 1918, subd. 5; sec. 1920; Dillon on Munici-
pal Corporations, 3d ed., sec. 422.) "Proof of the exist-
ence and identity of the ordinance offered should by
rights be all that is required of the prosecution in any
case until some showing has been made that there was
irregularity in the enactment of the ordinance, in which
case it becomes necessary to prove that it was properly
enacted, in order to sustain a conviction or judgment.
If no such question is raised, the presumption that the
ordinance was properly passed becomes conclusive."
(Horr and Bemis on Municipal Police Ordinances, 161.)
No attempt was made to rebut or overcome the *prima
facie* showing by plaintiff in this case. The regularity
of the proceedings for the adoption of the ordinance
was denied in the answer, but this did not shift the
burden of proof in relation thereto, and no evidence
was offered to establish any irregularity. The validity
of the ordinance was therefore sufficiently shown.
There is nothing in the case of *People* v. *Dunn*, 89 Cal.
228, contravening this doctrine.

The foregoing suggestions and authorities answer
alike the kindred objection that it was not made to ap-

pear that in passing the ordinance the ayes and noes were entered in the minutes of the board.

2. It is further objected that the court erred in excluding the evidence offered by defendant to show that the effect of the ordinance in question if enforced is virtually to prohibit the retail traffic in liquors in the county of Merced.

It is perfectly true that the power to license and regulate for the purposes of revenue is not the power to prohibit, and that an attempt to accomplish the latter object under a pretense of regulation cannot be upheld; in other words, the right to prohibit the sale or traffic in intoxicating liquors is entirely separate and distinct from the power to regulate and impose a license tax thereon for revenue purposes; and an ordinance which in terms proceeds under the latter power, but in its effect amounts to an exercise of the former, will not stand. (*Merced County* v. *Helm*, 102 Cal. 159; Black on Intoxicating Liquors, sec. 227.)

But the question here is, How is such effect to be determined? It cannot be that this question can be made to depend upon the effect of the regulation on the business of the defendant, as was the purport of the evidence offered in this case. That could afford no proper or reasonable test as to the general effect of the regulation. We think the answer is well stated in the opinion of the learned judge of the court below, wherein it is said: " There are many objections to the admission of such evidence. The discretion is committed to the board of supervisors, and they are presumed to act with good motive, and it is not to be supposed that, while pretending to fix the tax for revenue, they will make it so large as to prohibit the business. So soon as the courts hear evidence to decide whether a license tax be so high as to be prohibitory, they take upon themselves the exercise of a discretion which the laws have confided to the legislative body. If evidence is to be heard, the court might find the facts to be prohibitive to some dealers in the county by reason of the small amount of

business done by them, and not prohibitive to their better patronized competitors. I find a practical unanimity of opinion that whether an ordinance be reasonable or not is a question for the court, and it seems that the same rule should apply to an ordinance claimed to be prohibitory."

Such an objection is, like any other directed to the reasonable character of the regulation, a question to be determined from the face of the ordinance, and the provision must be upheld, unless as matter of law the court can say that it is so unreasonable in character as to transcend the proper exercise of the right by the lawmaking power. It is not a question of fact to be determined upon the varying circumstances of each particular case. (*Ex parte Guerrero,* 69 Cal. 88.) "Whether an ordinance be reasonable and consistent with the law or not, is a question for the court and not the jury, and evidence to the latter on the subject is inadmissible." (Dillon on Municipal Corporations, sec. 327. See, also, *Ex parte Frank,* 52 Cal. 610.)

We think the evidence was properly excluded.

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.