[Crim. No. 531. Second Appellate District.—March 3, 1917.]

In the Matter of the Application of F. L. SMITH for a Writ of Habeas Corpus.

MUNICIPAL ORDINANCE—LICENSING OF MOTOR VEHICLES—USING STREETS FOR CARRIAGE OF PASSENGERS BETWEEN OUTSIDE POINTS.—A provision of an ordinance of a city of the sixth class making it unlawful, without first obtaining a license so to do, for any person to operate or carry on the business of operating any auto bus or motor vehicle over the streets of the city in carrying passengers for hire from one point to another, both of which points are outside the city boundaries, is invalid, as being in excess of the authority given to cities of the sixth class by subdivision 10 of section 862 of the charter for cities of the sixth class to license for the purpose of revenue and regulation every kind of business transacted and carried on in the city.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

C. E. McDowell, for Petitioner.

Hartley Shaw, for Respondent.

SHAW, J.—An ordinance of the city of Tropico, which is a city of the sixth class, among other things, contained a

provision in effect making it unlawful, without first obtaining a license so to do, for any person to operate or carry on the business of operating any auto bus or motor vehicle over the streets of said city in carrying passengers for hire from one point to another, both of which points are outside the boundaries thereof. Upon a complaint charging petitioner with the violation of this ordinance, in that on November 21, 1916, he did "unlawfully operate a motor vehicle engaged in the business of carrying passengers for hire, which said motor vehicle was then and there operated and run over a particular route and between particular points, to wit: between the city of Bakersfield and the city of Los Angeles, through the city of Tropico and over San Fernando boulevard, a public street in said city, without first paying a license fee and obtaining a license therefor from said city of Tropico, contrary to the provisions of ordinance No. 119 of said city," a warrant was issued upon which he was arrested and held in custody by the city marshal.

Petitioner contends that the provision of said ordinance with the violation of which he is charged is invalid for a number of reasons, chief among which is the claim that a city of the sixth class is not vested with authority to enact an ordinance imposing a tax by license or otherwise upon motor vehicles conducting the business of transporting passengers from Los Angeles to Bakersfield over public highways a small part of which extend through the city of Tropico, where, *as here conceded*, no stops are made for the purpose of either taking on or discharging passengers in such city, nor any soliciting of business had therein. While under its police power such city may adopt and compel the observance of all reasonable measures intended for the regulation of traffic over the streets by all persons operating motor vehicles thereon, its sole power to levy a tax of this character is found in subdivision 10, section 862, of the charter for cities of the sixth class (Deering's Gen. Laws, ed. 1915, p. 1123), which provides that the board of trustees of said city shall have power "to license, for the purpose of revenue and regulation, all and every kind of business authorized by law and transacted and carried on in such city or town, and all shows, exhibitions, and lawful games carried on therein; to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise." Under this

provision the power of the city to impose a license upon *a business* is clearly limited to that only which is *"transacted and carried on in such city."* That by virtue of this section the city of Tropico may require persons, companies, or corporations who *therein* conduct the *business* of transporting passengers for hire to be licensed, admits of no question. It is the occupation, however, not an act which is merely incidental thereto, which is subject to the tax. (*Merritt* v. *State,* 19 Tex. App. 435; *Weil* v. *State,* 52 Ala. 19; *Merced County* v. *Helm,* 102 Cal. 159, [36 Pac. 399].) Business is defined as that which occupies the time, attention, or labor of men for the purpose of profit or improvement. (*Trustees of Columbia College* v. *Lynch,* 47 How. Pr. (N. Y.) 273.) It may be said to embrace all things necessary to be done to fully accomplish the purpose implied by the undertaking. The business conducted by petitioner, as alleged in violation of the ordinance, is that of transporting passengers for hire, not in the city, but between termini both of which are outside thereof, incidental to, connected with, and as a part of which a number of acts other than transportation, such as soliciting business, taking on and discharging passengers, collecting fares, and caring for their welfare en route, are necessary to be performed. The transportation of the passengers over any particular part of the public highway is one of the incidents of the business, but it no more constitutes the business than does the collection of their fares. Hence, it cannot be said that the carrying of passengers for hire from Los Angeles to Bakersfield by means of a motor vehicle operated over the public highway, a part of which extends through Tropico, where no stops are made, nor any of the incidental acts of such transportation performed other than traveling along the streets, constitutes a business "transacted and carried on in such city." Adopting the contrary view urged by respondent, the conclusion must logically follow that a physician, grocer, plumber,—indeed, everyone engaged in a professional calling or business in one city, having occasion to make a professional call or deliver goods to a purchaser, to do which required him to travel upon the highways through other cities, could under a like provision of the ordinance to that here involved be subjected to a tax in the guise of a license levied upon the theory that such use of the streets constituted "a business transacted and carried on" in the

different cities through which he passed. While the use of the streets may be regulated, the city has no power to convert them into toll roads and thus exact tribute from those who in the conduct of business elsewhere have occasion to use them solely as highways.

For the reasons given, the provision of the ordinance in question for the violation of which petitioner is deprived of his liberty is invalid. It is therefore ordered that he be discharged from the custody of the city marshal.

Conrey, P. J., and James, J., concurred.