[S. F. No. 7395. In Bank.—February 26, 1918.]

## THE EMPORIUM (a Corporation), Appellant, v. CITY OF SAN MATEO et al., Respondents.

MUNICIPAL CORPORATIONS — CONSTITUTIONAL LAW — STATUTE—LICENSE TAX ON DELIVERY WAGONS.—Under section 11 of article XI of the state constitution authorizing cities to make and enforce, within their limits, local, police, sanitary, and other regulations, not in conflict with general laws, and under subdivision 10 of section 862 of the Municipal Incorporation Act (Stats. 1883, p. 270), authorizing the boards of trustees of cities of the sixth class to license all kinds of business transacted in such a city, the city of San Mateo was authorized to impose a license tax on persons operating or maintaining delivery wagons on its streets.

ID.—APPLICABILITY OF LICENSE TAX—OCCASIONAL AND INCIDENTAL DELIVERIES TO CUSTOMERS.—Such use of the streets of a city by delivery wagons of a business enterprise, as would be merely occasional and incidental to a business conducted elsewhere than within its boundaries, would not be the proper subject of taxation by such municipality.

ID.—REGULAR SYSTEM OF DELIVERY TO CUSTOMERS—LICENSE TAX APPLICABLE.—Where a business enterprise located as to the conduct of its main business or sale of its goods in one municipality, conducts a regular system of delivery to customers through vehicles or other appliances for distribution, upon and along the streets of another municipality, the latter municipality may impose a license tax upon the wagons or other appliances of the distributing business actually done within it.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Dudley D. Sales, and Theodore A. Bell, for Appellant.

Charles N. Kirkbride, City Attorney of the City of San Mateo, and Joseph B. Gordon, for Respondents.

THE COURT.—This appeal was first heard in the district court of appeal for the first district, where the following opinion, prepared by Mr. Justice Richards, was filed:

"This is an appeal from a judgment in the defendants' favor following an order sustaining their demurrer without leave to amend.

"The complaint shows that the plaintiff is a corporation engaged in the retail dry-goods business in the city of San Francisco having customers within said city and also within the several cities and towns in proximity to said metropolis and around the San Francisco bay, among which is the city of San Mateo; that for the purpose of delivery of articles of merchandise purchased from it by residents of or in the vicinity of the city of San Mateo the plaintiff maintains within said city of San Mateo a system of local delivery, consisting of horses and wagons in charge of its employees, whose daily duty it is to receive such articles of merchandise at the stations in said city to which they have been shipped by rail, there to load same upon such delivery wagons and deliver the several articles of merchandise to their respective purchasers within and about said city; that the city of San Mateo has an ordinance entitled 'General License Ordinance,' which provides, in subdivision 13 of section 11 thereof, for the levying and collection of a license tax upon every person, firm or corporation driving, operating or maintaining upon any street in said city a delivery wagon or wagons, at a specified rate for each such wagon according to its tonnage capacity. The defendants are averred to have persistently attempted to collect the amount of license required by this ordinance from the plaintiff, and this action was instituted to enjoin them from so doing. The plaintiff contends that the ordinance is invalid for several reasons, and also that even though generally valid it is inoperative in its application to the plaintiff.

"With respect to the power of the city of San Mateo to enact the ordinance in question we think its authority to do so was ample under section 10 of article XI of the state constitution; and also under section 862, subdivision 10, of the Municipal Incorporation Act, [Stats. 1883, p. 270], under which San Mateo was organized as a city of the sixth class.

"The main question in the case arises out of the disputed applicability of the ordinance to the plaintiff, its contention in that behalf being that the power conferred by the constitution and statute upon the city of San Mateo and attempted to be exercised in the form of the ordinance in question was

that of imposing a tax upon business privileges, and that as such said ordinance must be confined in its operation to such business as is transacted and carried on in such city and town, and under the express terms of the grant of power to it in the act of its incorporation; and hence that the plaintiff, as a business institution established and being conducted in San Francisco, is not subject to the terms of said ordinance.

"It may be conceded that if the case presented by the complaint shows that the plaintiff, selling articles of merchandise in and at its place of business in San Francisco to persons residing in the city of San Mateo and its vicinity, and as an incident to such sales, was engaged in making such casual and occasional deliveries of such merchandise in San Mateo and other outside towns or cities as their retail sales therein required, by means of delivery wagons going out from its said place of business in the metropolis and passing over and along the streets of the city of San Mateo in the course of making such deliveries, the said plaintiff would not be subject to the imposition or collection by such outside municipality of a license tax upon its said delivery wagons. It would seem to be the rule that such use of the streets of a city as would be merely occasional and incidental to a business conducted elsewhere than within its boundaries would not be the proper subject of taxation. (*In re Smith*, 33 Cal. App. 161, [164 Pac. 618].) On the other hand, when a business institution, though located as to its central place of conduction or of the sale of its goods or products in one city or town, conducts through delivery wagons or other vehicles a regular system of delivery to customers within another municipality, the latter under proper authority may impose a license tax upon the wagons or other appliances of the distributing business which is thus actually done within it and upon and along its streets. (*Memphis* v. *Bataile*, 55 Tenn. 524, [24 Am. Rep. 285]; *City of Carterville* v. *Blystone*, 160 Mo. App. 191, [141 S. W. 701]; *Wonner* v. *Carterville*, 142 Mo. App. 120, [125 S. W. 861].) These authorities from other jurisdictions seem to us to correctly state the rule in this regard, and they are not out of harmony with the recent case of *Bramman* v. *City of Alameda*, 162 Cal. 648, [124 Pac. 243], which upon a somewhat different state of facts lays down a broad rule respecting the powers of municipalities

in this state to levy taxes for revenue and regulation upon business privileges conducted within them, to the extent of holding that under a proper classification the city of Alameda had power to pass an ordinance imposing a license tax upon persons doing a certain business within it, and also upon the delivery wagons of those engaged in such business who maintained, in addition thereto and in aid thereof, a system of delivery wagons within the municipality. The present action presents an even stronger case for the application of the latter and, we think, the better rule. The plaintiff in the instant case, as its complaint affirmatively shows, has not been satisfied to make deliveries of its goods sold to patrons in San Mateo through the occasional and purely incidental means of delivery wagons operated as an immediate adjunct to its drygoods store in San Francisco, and using the streets of San Mateo therefor in a transient way; but on the contrary the plaintiff has established and regularly maintains in the said city of San Mateo a local delivery system, with horses, wagons and employees regularly engaged in the occupation of going daily to the railroad stations of said city, and there receiving and loading upon their said wagons the goods and merchandise of the plaintiff sent to said places of distribution by rail and thence carried by regular deliveries upon and along the streets of said city to the places of business or residence of the persons purchasing the same. In other words, the complaint herein places the case in precisely the same position it would have been had the plaintiff, instead of organizing and equipping its own local delivery system in San Mateo, made a contract with a local delivery establishment for the sole carriage and delivery by it of the goods of the plaintiff shipped to said point by rail, which local institution would seek to avoid the burdens of the ordinance in question upon the ground that it and its activities were merely incidental to the business of the plaintiff conducted in San Francisco. This statement of the situation illustrates the distinction in principle between the different lines of cases cited by the respective parties to this controversy. The business which the defendants are seeking to bring within the scope of the ordinance is not that which the plaintiff is conducting at its San Francisco store, but is that which it is maintaining in its regular local delivery system within and upon the streets of San Mateo. Under the fore-

CLXXVII Cal.—40

going circumstances as outlined by its own pleading we are entirely satisfied that the plaintiff has brought itself within the taxing powers of the city of San Mateo, and that the ordinance in question is not only valid as within the scope of the powers of the municipality to enact the same, but is also valid in its application to the plaintiff upon the state of facts disclosed in this complaint.

"Judgment affirmed."

Upon petition of the appellant, the cause was ordered transferred to this court. After careful consideration of the points presented, we have reached the conclusion that the opinion of the district court of appeal makes an entirely correct and satisfactory disposition of the questions presented.

For the reasons therein stated, it is ordered that the judgment appealed from be affirmed.