[L. A. No. 8995. In Bank.—March 25, 1929.]

CALIFORNIA FIREPROOF STORAGE COMPANY (a Corporation), Appellant, v. CITY OF SANTA MONICA (a Municipal Corporation) et al., Respondents.

Hardy, Elliott & Aberle for Appellant.

Chester L. Coffin for Respondents.

SEAWELL, J.—The City of Santa Monica is a municipal corporation situate in the county of Los Angeles and organized as such under a freeholders' charter. At all times named herein there has been in full force and effect in said city an ordinance entitled "An ordinance providing for licensing and regulating the carrying on of certain professions, trades, callings and occupations." By the provisions of said ordinance each person, firm or corporation conducting, managing or carrying on the business of running, driving or operating any automobile, automobile truck, automobile tank wagon, or any other motor-propelled vehicle used for the transportation of baggage, express, freight, household goods, merchandise or machinery, was required to pay semi-annually a license tax computed upon the annual tonnage of freight, wares and merchandise transported by the persons, firms or corporations as above enumerated.

Said ordinance contains certain exemption and other provisions which do not affect the questions presented for decision. The penal clause prescribed for a violation of said ordinance a fine not exceeding $500 or imprisonment not exceeding six months or both such fine and imprisonment.

The charter provision under which said ordinance is authorized provides that the municipality shall have the power: " . . . To license and regulate the carrying on of any and all professions, trades, callings and occupations carried on within the limits of the said city, and to fix the amount of license tax thereon to be paid by all persons engaged in such professions, trades, callings or occupations, provide the manner of enforcing the payment of the same; provided no discrimination shall be made between persons engaged in the same business otherwise than by proportioning the tax upon any business to the amount of business done; . . . "

Appellant, California Fireproof Storage Company, a corporation, with its principal place of business in the city of Los Angeles, alleges in its bill for an order of permanent injunction, that it has no other place of residence than the city of Los Angeles, and that it is and for many years last past has been regularly engaged in the business of

storing, moving, transferring, shipping, delivering and transporting freight, household goods and other goods, wares and merchandise by motor vehicle and motor-truck for hire, and that said business is carried on by plaintiff through employees whose sole duty it is, as an incident to said business, to receive any of the aforesaid articles of merchandise and transport the same according to instructions given to them by said corporation, "and that in the course of said business, and as an incident thereto, it has occasion to and does pick up, from time to time, household goods, freight, wares and merchandise in the city of Santa Monica and deliver the said household goods, freight, etc., to points outside of the city of Santa Monica and in the city of Los Angeles and to other points outside said city of Santa Monica, and has occasion to and does receive goods within the city of Los Angeles and elsewhere outside of the city of Santa Monica for delivery, and does deliver the said household goods, freight, wares and merchandise to points and places within said city of Santa Monica; that plaintiff has no defined routes between any two points and no terminus or place of business within the city of Santa Monica."

For the sake of brevity the language of the complaint will not further be quoted *verbatim* except where it is deemed necessary to do so in order to present the issues as framed by the pleadings, but its phraseology will, nevertheless, be closely followed.

Continuing, it is alleged that plaintiff has no depot, warehouse or equipment situated or located within the limits of said City of Santa Monica "except such trucks as may be used from time to time in transmitting said household goods, etc., to and from the city of Santa Monica to points and places without the said city; that the said plaintiff has no solicitors or representatives or agents within said city of Santa Monica, and that the only business that the plaintiff does within the said city of Santa Monica is as above set forth, and only upon call or demands received at its place of business aforesaid in the city of Los Angeles, for each specific occasion that it receives or delivers household goods, etc., within the limits of the said city of Santa Monica, or from places outside said city to places within said city."

Appellant claims that said ordinance is void and that it was beyond the power of said city or its commissioners to enact it, in that said ordinance is an attempt to impose a tax or license on persons, firms and corporations doing business outside of the City of Santa Monica; that it is extraterritorial in its operation, application and effect and an attempt to take the private property of appellant for a public use without compensation; that said ordinance is invalid for the further reasons that it was enacted for taxation and revenue purposes in the guise of a police regulation; that it is oppressive, unreasonable and arbitrarily discriminatory in its operation. It is further alleged that notwithstanding the illegality of said license tax the defendants, said city and certain of its officers, have demanded of plaintiff's truck drivers that the license tax as prescribed by said ordinance be paid forthwith, and threatened to arrest and imprison said truck drivers, agents, servants and employees of plaintiff if said license tax was not paid forthwith; that defendants have *repeatedly* stopped the employees of plaintiff while operating its motor vehicles or motor-trucks upon the public streets of Santa Monica and demanded of plaintiff, its agents and employees, that the license tax imposed by said ordinance be paid, and upon refusal of payment of the same have arrested said agents and employees of plaintiff; "that all of the aforesaid agents and employees of said plaintiff herein at the time of the said various demands have been in the performance of their duties for the plaintiff in calling for said household goods within the said city of Santa Monica for delivery to a place within the said city of Los Angeles and to other points outside the city of Santa Monica or delivery of said goods and other wares and merchandise of similar kind and character from the city of Los Angeles or other places outside said city to and within the city of Santa Monica."

It is alleged that by its threatened acts said city and its officers have caused great and irreparable damage to plaintiff by delaying plaintiff and its agents and employees in the delivery of freight, household goods, wares and merchandise to its *customers and patrons in said City of Santa Monica and to other customers* and patrons of plaintiff without said city, and the arrest and threatened arrest of

plaintiff's employees aforesaid will continue to cause the plaintiff to suffer great and irreparable injury and loss in the *continuance of its business*, etc. It is finally alleged that the commissioners of said city have instructed its chief of police to demand of plaintiff, its servants, agents and employees that said tax be paid and, upon further refusal, to arrest and imprison any agents, servants and employees of plaintiff operating any motor-truck or motor vehicle within the said City of Santa Monica unless said license tax is paid as prescribed by said ordinance. It is admitted that appellant has not paid said tax and does not propose to do so. By the prayer of the complaint it seeks to permanently and forever restrain and enjoin said city and its officers from enforcing said ordinance as against plaintiff and its employees. Plaintiff specifically prays that said city. and its officers be restrained from arresting the agents and employees of plaintiff for refusal on their part to pay a license tax as demanded by said city by virtue of the provisions of said ordinance, and to enjoin said city and its officers from attempting to collect said tax.

The City of Santa Monica is a city of an estimated population of forty thousand inhabitants, situate on the shores of the Pacific Ocean. From the city hall of the city of Los Angeles to the shore line the distance is approximately seventeen miles, and the intervening territory between those points is urban and heavily populated. So far as territorial appearances are concerned, the line that divides the two municipalities is unobservable to a person passing from one city into the other. The highways connecting the two cities are congested with vehicular travel practically at all times. Urban electric trains also aid in bringing the two cities into close business contact. Plaintiff's principal place of business was in the city of Los Angeles, and it maintained no office or designated place of business in said City of Santa Monica. That the occupation which appellant was pursuing and which it proposes to pursue in the City of Santa Monica does not involve "casual" or "occasional" acts, such as have been held not to constitute an occupation or business, is made clear by the allegations of the complaint, which are above set forth at considerable length.

Repeated allegations are made that respondents threaten to and have seriously interfered with appellant in the pursuit of *its business* in said City of Santa Monica. The filing of this action is conclusive proof that it is the purpose of plaintiff to continue to conduct *its business* therein and to further build up its business in said city. The point urged by appellant that it has no fixed office or place of business in said city is of little significance in view of the general use made of the telephone, automobile and mails as means of communication in the transaction of business. A large part of the business conducted between interurban and near-by cities is with the aid of the telephone, thereby eliminating the necessity and expense of maintaining a local office. The metropolitan newspapers carry the advertisements of business enterprises into all the smaller communities. Various methods of advertising assist in doing the work formerly done by said solicitors. The business in which plaintiff is engaged is ambulatory in character and may be built up extensively by the employment alone of the telephone. Each business visit into a community advertises the business of the firm or corporation thus entering, even though no personal solicitation for customers is made by the agents of said firm or corporation. If appellant's claim is sound, its employees, trucks, machinery and all appliances necessary to perform the service of moving household effects and freight may be brought into the city, and upon its streets, which serve as a suitable and ample place for the transaction of its business, and will be used without cost *ad libitum*, while the local one-vehicle expressman, whose place of business consists of a parking space in front of a dry-goods or grocery store, is required to pay a license tax. This would appear to be unfair discrimination against the local expressman.

Appellant rests its claims of illegality of said ordinance upon the grounds that it attempts to impose a tax upon persons, firms and corporations doing business outside of said City of Santa Monica; that its effect is extraterritorial and an attempt to take private property without compensation for a public use; that it was enacted for taxation and revenue purposes in the guise of a police regulation; that it is oppressive, unreasonable and arbitrarily discriminatory. We are of the view that said ordi-

nance is not invalid on any of said grounds. Two decisions of the appellate courts of this state are relied upon by appellant to sustain its case. The first is *In re Smith,* 33 Cal. App. 161 [164 Pac. 618]. The petitioner in that proceeding was restrained of his liberty on a charge of operating an autobus without first obtaining a license so to do over streets of the city of Tropico, in violation of an ordinance of that city which made it an offense to operate or carry on the business of operating any autobus or motor vehicle over the streets of said city in carrying passengers for hire from one point to another, both of which points are outside the boundaries without first obtaining a license. The petitioner was engaged in the business of carrying passengers for hire between two particular points, to wit, the city of Bakersfield and the city of Los Angeles. The city of Tropico lies between said two points and the petitioner's autobus passed over its public streets en route to its termini. Reviewing the facts, the court thus summarizes the situation: ''Hence, it cannot be said that the carrying of passengers for hire, from Los Angeles to Bakersfield by means of a motor vehicle operated over the public highway, a part of which extends through Tropico, where no stops are made, nor any of the incidental acts of such transportation performed other than traveling along the streets, constitutes a business 'transacted and carried on in such city.' ''

Petitioner did not in any way augment his business of carrying passengers or transact any business whatsoever in Tropico. Further comment is unnecessary other than to add that the petitioner, having violated no ordinance of said city by merely using its highways or streets in passing through, was discharged from custody. The right of said city to regulate the use of its streets and to license for the purpose of revenue and regulation all and every kind of business authorized by law is expressly conceded by the decision.

The other case upon which reliance is placed by appellant is *The Emporium* v. *City of San Mateo,* 177 Cal. 622 [171 Pac. 434]. We are rather of the view that the case last cited, as well as the case cited therein (*Bramman* v. *City of Alameda,* 162 Cal. 648 [124 Pac. 243]), strengthens respondents' case. The Emporium was a corporation engaged in

the retail dry-goods business in the city of San Francisco, having customers within said city of San Mateo and within several cities and towns in proximity to said city of San Francisco. For the purpose of the delivery of articles of merchandise purchased at its store in the city of San Francisco by its outside customers, it maintained in said city of San Mateo a system of local deliveries, consisting of horses and wagons in charge of its employees, whose daily duty it was to receive such articles of merchandise at the stations in said city to which they had been shipped by rail, there to load the same upon such delivery wagons and deliver the several articles of merchandise to their respective purchasers within and about said city of San Mateo. The ordinance of said city provided for the levying and collection of a license tax upon every person, firm or corporation driving, operating or maintaining upon any street in said city a delivery wagon or wagons, at a specified rate for each such wagon according to its tonnage capacity. The Emporium sought by the action to enjoin and restrain said city of San Mateo from attempting to collect said license tax. The Emporium made the same objection as appellant herein makes, to wit, that said ordinance must be confined in operation to business done in San Mateo and that a business institution established and being conducted in the city of San Francisco was not subject to the terms of said ordinance. That question was decided adversely to The Emporium's contention. It was properly said in that case that the general rule is that the use of the streets of a city which is merely occasionally incidental to a business conducted elsewhere than within its boundaries is not a proper subject of taxation. But, on the other hand, it is said, that "when a business institution though located as to its central place of conduction or of the sale of its goods or products in one city or town, conducts through delivery wagons or other vehicles a regular system of delivery to customers within another municipality, the latter, under proper authority, may impose a license tax upon the wagons or other appliances of the distributing business which is thus actually done within it and upon and along its streets." (Citing cases.) In the instant case appellant not only alleges that it conducts business in Santa Monica with which the enforcement of the city ordinance will inter-

fere, but alleges sufficient to show that its purpose is to make its future business in said city much more extensive if it can tie the hands of the city officers against the enforcement of the city's ordinance.

From the very nature of the business in which appellant is engaged, if it is to enter said city *ad libitum* upon "call," as stated in the pleading, it will transact business therein precisely as it transacts its business in the city of Los Angeles. It does not matter at which end of the line the business is initiated, its situs is the municipality of Santa Monica. The heavy autotrucks, moving machinery and other appliances necessary to conduct said business are brought into said city, and its streets are made to sustain the burden of said business equally with the streets of the city of Los Angeles.

That appellant's use of the streets of said city will not be occasional or merely incidental to a business conducted elsewhere, as in the case of *In re Smith,* 33 Cal. App. 161 [164 Pac. 618], and other cited cases, is apparent from the pleading, which discloses the purpose of appellant to use the streets of said City of Santa Monica for business purposes as frequently and as extensively as its business expectations may justify.

The complaint failing to set forth facts sufficient to entitle appellant to injunctive relief, the demurrer thereto was properly sustained and the judgment of dismissal entered thereafter upon the refusal of appellant to amend is affirmed.

It is so ordered.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.