[Civ. No. 6559. Fourth Dist. June 13, 1961.]

ROY GOWENS, Appellant, v. CITY OF BAKERSFIELD et al., Respondents.

Mack, Bianco, King & Eyherabide and H. C. Mack, Jr., for Appellant.

Kenneth W. Hoagland, City Attorney, and Tully H. Seymour, Assistant City Attorney, for Respondents.

GRIFFIN, P. J.—Although the order sustaining defendants' demurrer to the amended complaint was signed by Frederick E. Stone, Judge assigned, the order directing judgment of dismissal of the action with prejudice following that order was signed by Judge Robert B. Lambert. The appeal was from this judgment.

On a former appeal, *Gowens* v. *City of Bakersfield,* 179 Cal. App.2d 282 [3 Cal.Rptr. 746], this court held portions of ordinance number 1200, n.s., of the city of Bakersfield unconstitutional, as arbitrary and discriminatory in relation to requiring hotel, motel, etc., owners to collect from transients a tax of a designated per cent of the compensation paid by

them for lodging rentals where no attempt was made to segregate the persons paying the tax into any reasonably justifiable subclassification, and where, in providing that all persons obtaining lodging in establishments containing less than five accommodations were completely exempt.

After that decision, the city council, by amendment, adopted emergency ordinance number 1286, n.s., which provides generally: (1) that a tax be levied on each and every transient equivalent to four per cent of the room rental paid by such transient to any hotel, inn, motel or other place where a charge is made for such lodging; (2) that a transient is defined as any person who obtains lodging in any hotel, etc., for a period of not more than 30 consecutive days; (3) that the owner is required to collect and hold the tax "in trust"; (4) that a failure to remit the tax subjects the owner to a maximum penalty of 20 per cent of the amount of the tax; and (5) that a fine is levied upon conviction of all persons failing to comply.

Plaintiff again, on this appeal, argues that the amended ordinance is unconstitutional on substantially the same grounds as set forth in the original complaint, that is: (1) the distinction attempted to be drawn between transients and others is arbitrary and unreasonable and not based upon any proper lawful distinction in fact; (2) the ordinance lays a different and higher burden on a portion only of a similar class by taxing the rental of lodging space and exempting all other rentals within the city; (3) the ordinance discriminates against plaintiff and his customers by laying a higher tax burden on the rental of rooms than on other privileges under the city's sales and use tax ordinance; (4) the ordinance unduly deprives plaintiff of his property by tending to drive transients to hotels outside the limits of the city.

First, it is argued that the tax here levied is not a tax on any business, occupation, profession or trade, but is levied on the privilege of an individual to occupy a lodging space in the city of Bakersfield. Plaintiff states that the main question is whether this privilege may be lawfully taxed by the city. (Citing *California F. S. Co.* v. *City of Santa Monica*, 206 Cal. 714 [275 P. 948]; *Security Truck Line* v. *City of Monterey*, 117 Cal.App.2d 441 [256 P.2d 366, 257 P.2d 755].) It is conceded by plaintiff that taxing the privilege of engaging in the business of renting rooms to transients has been recognized, and it is claimed the city has already levied a tax by way of a license tax on this and other businesses under

the sales and use tax, ordinance number 681, n.s., section 21, City of Bakersfield. But it is argued that the tax here involved is not levied on the business or for the purpose of engaging in such business, which is a taxable event occurring within the city, but on the right of a transient to occupy a room therein. Plaintiff cites in support of his claim: *City of Miami* v. *Kayfetz,* 158 Fla. 758 [30 So.2d 521, 524]; *Edwards* v. *Davis,* 146 Tenn. 615 [244 S.W. 359, 361]; *City of Pensacola* v. *Lawrence,* 126 Fla. 830 [171 So. 793]; *Western Lithograph Co.* v. *State Board of Equalization,* 11 Cal.2d 156, 162 [78 P.2d 731, 117 A.L.R. 838]; *California F. S. Co.* v. *City of Santa Monica, supra,* 206 Cal. 714.

On the hearing of the questions presented, as evidenced by the memorandum opinion of the trial judge, he stated that the right to sleep in a particular place under conditions defined by the ordinance does not differ from the right to eat a meal prepared and served at an eating establishment for which a tax is imposed by the California Sales Tax Act (Rev. & Tax. Code, div. 2, pt. 1); that this tax is not considered a tax upon the right to eat, but rather upon the right to eat in a particular place under particular conditions. It should be noted, however, that it has been held that the sales tax is not a levy upon the consumer, even though it is collected by the dealer from the consumer. (*Western Lithograph Co.* v. *State Board of Equalization, supra,* 11 Cal.2d 156, 162.)

In *Fox etc. Corp.* v. *City of Bakersfield,* 36 Cal.2d 136 [222 P.2d 879], it was held that a city may impose a tax on theater admissions, the tax to be collected from the customer. It appears in that case that although the tax purportedly was on the privilege of conducting an amusement business, it is apparent that the measure was directed at the privilege of being a spectator at theaters and other places of amusement. It might well appear then that if a city may tax the privilege of being a spectator it may tax the privilege of occupying a room. The tax is not placed upon the right to sleep, but upon the right to sleep in a particular place under certain conditions defined by the ordinance.

In *City of Glendale* v. *Trondsen,* 48 Cal.2d 93, 98 [308 P.2d 1], which involved an ordinance pertaining to an excise tax levied as a garbage collecting charge against ''occupants'' of property in Glendale, it was contended that the tax was on the ''occupancy'' of property and beyond the power of the city to levy under its charter. It was there held that there was no unjust classification and that it was not a tax on the

interest in the property as an occupant or possessor of it and that the tax was valid in the absence of any constitution or charter provision which would invalidate it; that the levy and collection of taxes by a city having a charter under our constitution is a municipal affair and that the power of a municipal corporation operating under freeholder's charter to impose taxes for revenue purposes including license taxes is strictly a municipal affair pursuant to the direct constitutional grant of the people of the state.

*City of Miami* v. *Kayfetz, supra,* 158 Fla. 758 [30 So.2d 521, 526], involved a night club admission tax. The ordinance was struck down because the Legislature had not granted to the city the power to tax that type of privilege. However, the case went on to say: "Our view is that the legislature could lawfully authorize a municipality to levy a tax such as is attempted by this Ordinance on or against the patrons of any sort of a place of amusement which the public may be required to pay to attend or indulge in."

It should be here noted that in California a charter city such as Bakersfield has, in some respects, coequal powers of taxation with the state, and is limited only by its charter and the state and the federal constitutions in the exercise of this power. (*Ainsworth* v. *Bryant,* 34 Cal.2d 465, 469 [211 P.2d 564].) It does not appear that there is any constitutional or charter provision which would invalidate such a tax. Article III, section 12, of the Bakersfield City Charter provides that the city: ". . . may assess, levy and collect taxes and provide penalties for nonpayment thereof, for general and special purposes, on all objects which the City may lawfully tax."

Although we find no direct authority in California on the subject, we conclude that the tax here imposed is on the privilege of occupying a room under the conditions described and is a local event which falls within the city's powers of taxation.

The question then arises as to whether the ordinance, as amended, establishes a proper classification or demarcation between "transients" and permanent lodgers, which former term is defined to be lodgers occupying motels, hotels, etc., for less than 30 days. Permanent lodgers are those occupying such motels, hotels, etc., for a greater period and they are exempt from such taxation. From an examination of the authorities, we are convinced that this is a proper constitutional classification or demarcation for taxing purposes.

The power of a legislative body to make reasonable classifi-

cations for tax purposes has been long recognized. (*Fox etc. Corp.* v. *City of Bakersfield, supra,* 36 Cal.2d 136; *Roth Drug, Inc.* v. *Johnson,* 13 Cal.App.2d 720 [57 P.2d 1022]; *Barker Bros., Inc.* v. *Los Angeles,* 10 Cal.2d 603 [76 P.2d 97]; 46 Cal. Jur.2d, § 110, p. 615; *State* v. *Industrial Acc. Com.,* 48 Cal.2d 365, 371 [310 P.2d 7].)

The question of this classification was raised in *Howe* v. *Tax Commission,* 10 Utah 2d 362 [353 P.2d 468, 469]. There, Utah imposed a tax of 2 per cent on the amount paid for tourist home, hotel, motel or trailer court accommodations, and provided an exemption where residency was maintained continuously under the terms of a lease or similar arrangement for a period of not less than 30 days. The Utah Supreme Court approved the classification in the following words:

"The legislative purpose appears to have been to impose a tax on charges made for lodgings of the short period or stop-over type traditionally provided by inns or hotels, as distinguished from lodgings for longer periods, which assume the character of residence. The thirty-day limitation in our statute seems to be a reasonable time break off point for classification of the two classes of tenants." See also *Gaulden* v. *Kirk* (Fla.) 47 So.2d 567; *Fallon Florist* v. *City of Roanoke,* 190 Va. 564 [58 S.E.2d 316].

Many states do have or have had similar classifications, such as New York (transient is one who stays less than 90 days), Nevada (30 days), Texas (30 days), Vermont (30 consecutive days), Alabama (30 continuous days), Pennsylvania (30 consecutive days). This classification does not appear to be unreasonable. ██ ██ Where a legislative classification is questioned, if any state of facts reasonably can be conceived that would sustain it there is a presumption of the existence of that state of facts; one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters that may be judicially noticed, or to other legitimate proof, that the act is arbitrary. (11 Cal.Jur.2d, § 277, pp. 726-727.)

██ We conclude that the classifications designated are not arbitrary or unreasonable and that the burden of tax falls equally upon those within the class. It will be presumed that the city council exercised its sound discretion in its actions. (Code Civ. Proc., § 1963, subd. 15; *In re Fuller,* 15 Cal.2d 425 [102 P.2d 321]; *County of Merced* v. *Fleming,* 111 Cal. 46, 50 [43 P. 392].)

██ There is no merit to plaintiff's argument that the

ordinance discriminates against plaintiff and his customers by laying a higher tax burden on the rental of rooms than on other privileges under the city's sales and use tax ordinance. Other states have sales tax as well as hotel tax imposed on occupants of hotels. (*Fallon Florist* v. *City of Roanoke, supra*, 190 Va. 564 [58 S.E.2d 316]; City of New York, Local Law No. 15 [1946]; art. 23.01, tit. 122-A, Taxation-General of the Revised Civil Statutes of Texas; 72 Pa. Stats., § 3403-401.) If the city has the power to enact such legislation and the ordinance otherwise meets constitutional standards, the courts will not delve into the economic impact of the tax on a particular business. (*County of Merced* v. *Fleming, supra*, 111 Cal. 46.) The ordinance treats all in the same class alike and no attempt is made to furnish particular privileges to one and not the other in the same class.

 The last claim is that since this tax does not apply to his competitors outside the City of Bakersfield, it is therefore unconstitutional in its application to plaintiff and his customers and accordingly unduly deprives him of his property. This question was presented on the former appeal and the conclusion there reached was proper. Furthermore, the answer thereto is contained in *Ex parte Jackson*, 143 Cal. 564, 573 [77 P. 457], where it is said:

''The complaint appears to be that others engaged in a similar business in some other cities cannot be subjected to a similar burden. Whether this is so or not, we do not know. It depends upon the provisions of the laws relating to the municipal affairs of such other cities. But it is entirely immaterial.''

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 9, 1961.