Opinion
MARSHALL, J.
Defendant appeals from a judgment of conviction for deliveries of nursery items within Manhattan Beach without payment of a license tax imposed by the city on each vehicle (Mun. Code, § 6-2.30(v)).
The defendant has 1 customer in Manhattan Beach and delivers products to him by use of defendant’s pool of 11 trucks stationed at its Torrance holding yard. In the course of 5 months (Jan. 1, 1973 to May 31, 1973), the defendant made 34 deliveries using different vehicles and different drivers, on different dates, all generating total revenue in the amount of $4,830. Both the respondent and the appellant agree on these statistics. Respondent city also declares that, on an annual basis, the defendant would make over 81 deliveries and gross in excess of $11,000.
It is clear that the appellant’s business in Manhattan Beach is extensive enough to deny it the occasional transaction exemption. (See California F. S. Co. v. Santa Monica (1929) 206 Cal. 714, 718, 722 [275 P. 948]; Security Truck Line v. City of Monterey (1953) 117 Cal.App.2d 441, 451 [256 P.2d 366, 257 P.2d 755].) Thirty-four deliveries during a period of five months cannot be considered “occasional.”
It is also true that Manhattan Beach may levy a license tax for revenue purposes despite occupancy of the field of regulation by the state (Arnke v. City of Berkeley (1960) 185 Cal.App.2d 842, 849 [8 Cal.Rptr. 645]; see also Gov. Code, § 37101). However, such tax must be based on *Supp. 3 receipts attributable to activities within the city (City of Los Angeles v. Shell Oil Co. (1971) 4 Cal.3d 108 [93 Cal.Rptr. 1, 480 P.2d 953]).
Manhattan Beach taxes “wholesale deliveries, $25 per year per vehicle.” (§ 6-2.30(v), Mun. Code, Manhattan Beach.) In City of Los Angeles v. California Motor Transport Co. (1961) 195 Cal.App.2d 759, 764 [15 Cal.Rptr. 917] and Security Truck Line v. City of Monterey, supra, the license tax was also based on the number of trucks making delivery. In these cases, the court declared that the taxable event is the doing of business in Los Angeles and Monterey, respectively, and that to measure the tax by the number of vehicles entering the city bears no reasonable connection with the taxable event which is the “quantum of business carried on in the municipality.” (City of Los Angeles v. California Motor Transport, supra, p. 765.) In the case at hand, one trucker may deliver in one truck as much as the appellant can transport in its eleven trucks, yet the former is liable only for one-eleventh of the tax required of the appellant. Hence, the ordinance is arbitrary, discriminatory and unconstitutional as were the similar ordinances enacted by Los Angeles and Monterey.
Judgment is reversed.
Holmes, Acting P. J., and Cole, J., concurred.